1 | NICOLAS A. JAMPOL (State Bar No. 244867)
  |   nicolasjampol@dwt.com
2 | CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  |   cydneyfreeman@dwt.com
3 | RACHEL R. GOLDBERG (State Bar No. 308852)
  |   rachelgoldberg@dwt.com
4 | SAMANTHA LACHMAN (State Bar No. 331969)
  |   samanthalachman@dwt.com
5 | DAVIS WRIGHT TREMAINE LLP
  | 865 South Figueroa Street, 24th Floor
6 | Los Angeles, California  90017-2566
  | Telephone:  (213) 633-6800
7 | Fax:  (213) 633-6899

8 | Attorneys for Defendants
  | NATHANIEL PARKER, TINY GIANT
9 | PRODUCTIONS, LLC, ASP FILM, LLC,
  | TM FILM FINANCE, LLC, AND
10 | VERTICAL ENTERTAINMENT, LLC

11

12

13

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15  CHANGING WORLD FILMS LLC, SELTON SHAW, and LANGSTON SHAW, | Case No. 2:22-cv-09021-DSF-PLA |
| 16 | **REPLY IN SUPPORT OF DEFENDANTS NATHANIEL** |
| 17               Plaintiffs, | **PARKER, TINY GIANT PRODUCTIONS, LLC, ASP FILM,** |
| 18        vs. | **LLC, TM FILM FINANCE, LLC, AND VERTICAL** |
| 19  NATHANIEL PARKER *a/k/a* NATE PARKER, TM FILM FINANCE LLC | **ENTERTAINMENT, LLC'S MOTION TO DISMISS** |
| 20  *d/b/a* TM FILMS, TINY GIANT PRODUCTIONS, LLC *d/b/a* TINY GIANT ENTERTAINMENT, | Date:      March 27, 2023 |
| 21  VERTICAL ENTERTAINMENT, LLC, SHELTON JACKSON LEE *a/k/a* SPIKE | Time:      1:30 p.m. Dept.:     Courtroom 7D |
| 22  LEE, and ASP FILM, LLC, | |
| 23               Defendants. | |

24

25

26

27

28

1

## TABLE OF CONTENTS

2

**Page**

3 I. INTRODUCTION .................................................................................. 1

4 II. PLAINTIFFS HAVE NOT PLAUSIBLY ALLEGED ACCESS ................. 2

5     A. Speculative Theories of Possible Access Are Not Sufficient .............. 2

6     B. The Opposition's Focus on Omari Hardwick Does Not Salvage
7     the Complaint's Insufficient Access Allegations ................................ 4

8 III. THE WORKS ARE NOT SUBSTANTIALLY SIMILAR........................... 7

9     A. Discovery Is Not Required To Assess Substantial Similarity.............. 7

10     B. The Hardwell Lawsuit Supports Dismissal ........................................ 9

11     C. After The Unprotectable Elements Are Filtered Out, Plaintiffs'
Screenplay and *American Skin* Are Not Substantially Similar ......... 10

12 IV. PLAINTIFFS' INDIRECT INFRINGEMENT CLAIMS FAIL.................. 12

13 V. CONCLUSION..................................................................................... 12

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FILM DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
4883-8739-4388v.5 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

*Alfred v. Walt Disney Co.*,
   821 F. App'x 727 (9th Cir. 2020) ................................................................................8

4

5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................2

6

7

*Cabell v. Zorro Prods.*,
   2018 WL 2183236 (N.D. Cal. May 11, 2018) ................................................. 3, 7

8

9

*Christianson v. West Pub.*,
   149 F. 2d 202 (9th Cir. 1945) ................................................................................8

10

*Eclectic Properties E., LLC v. Marcus & Millichap Co.*,
   751 F.3d 990 (9th Cir. 2014) .................................................................................2

11

12

*Evans v. Warner Bros. Ent.*,
   2018 WL 6133660 (C.D. Cal. Sept. 17, 2018) .....................................................4

13

14

*Fox Broad. Co. v. Dish Network*,
   747 F.3d 1060 (9th Cir. 2014) ........................................................................... 12

15

16

*Griffin v. Peele*,
   2017 WL 8231241 (C.D. Cal. Oct. 18, 2017)......................................................4

17

18

*Hardwell v. Parker*,
   No. 2:21-cv-9100 (C.D. Cal. Nov. 19, 2021), ECF No. 1 ............................... 10

19

20

*Klauber Brothers, Inc. v. City Chic Collective Ltd.*,
   2022 WL 18278400 (C.D. Cal. Dec. 6, 2022)......................................................3

21

22

*Loomis v. Cornish*,
   836 F.3d 991 (9th Cir. 2016) ........................................................................... 5, 6

23

24

*Marcus v. ABC Signature Studios, Inc.*,
   279 F. Supp. 3d 1056 (C.D. Cal. 2017)...............................................................6

25

26

*Newt v. Twentieth Century Fox Film Corp.*,
   2016 WL 4059691 (C.D. Cal. July 27, 2016)................................................... 11

27

28

*Pac. Dawn LLC v. Pritzker*,
   831 F.3d 1166 (9th Cir. 2016) ..............................................................................2

FILM DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
4883-8739-4388v.5 0118814-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Rentmeester v. Nike, Inc.*,
  883 F.3d 1111 (9th Cir. 2017) ...............................................................................8

*Ricketts v. CBS Corp.*,
  2020 WL 5005909 (C.D. Cal. July 23, 2020)................................................... 8, 11

*Ricketts v. CBS Corps.*,
  439 F. Supp. 3d 1199 (C.D. Cal. 2020), *aff'd sub nom. Ricketts v. Berlanti
  Prods.,* 2022 WL 1046252 (9th Cir. Apr. 7, 2022)....................................... 10, 11

*Segal v. Segel*,
  2022 WL 198699 (S.D. Cal. Jan. 21, 2022) ...................................................... 3, 7

*Smith v. Little, Brown & Co.*,
  245 F. Supp. 451 (S.D.N.Y. 1965) .................................................................... 3, 7

*Star Fabrics, Inc. v. Wet Seal, Inc.*,
  2014 WL 12591271 (C.D. Cal. Dec. 2, 2014) ......................................................2

*Whitehead v. Netflix, Inc.*,
  2022 WL 17342602 (N.D. Cal. Nov. 30, 2022) ...................................................9

*Zindel v. Fox Searchlight Pics., Inc.*,
  2018 WL 3601842 (C.D. Cal. July 23, 2018)........................................................8

*Zindel v. Fox Searchlight Pictures, Inc.*,
  815 F. App'x 158 (9th Cir. 2020) ........................................................................8

FILM DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
4883-8739-4388v.5 0118814-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# I.     INTRODUCTION

In their attempt to avoid another dismissal, Plaintiffs contend that because one of the Film Defendants theoretically could have obtained Plaintiffs' screenplay *A Routine Stop* in a variety of conceivable ways – none of which have any factual support – they have plausibly alleged access. *None* of the cases upon which Plaintiffs rely support this proposition, which would vitiate the access requirement by allowing copyright plaintiffs to sufficiently plead access by alleging various inconsistent and unsupported theories, such as Plaintiffs' catch-all contention that it is "possible" that some unknown individual who obtained Plaintiffs' screenplay in some unidentified manner then "made the screenplay available to a named defendant" at some unknown time through some unknown channel.  Opp. at 5; Compl. ¶ 81(c).  That is not the law.

Apart from access, Plaintiffs contend that they plausibly alleged substantial similarity by focusing on strawman arguments that are not at issue.  Specifically, Plaintiffs suggest that the Film Defendants claimed *A Routine Stop* was not protected by copyright because it explores common themes in the real world and in film and television.  The Film Defendants never suggested that *A Routine Stop* was unprotected by copyright law – of course it is – but once the unprotectable ideas, *scenes a faire*, and generic elements are filtered out, as they must be under Ninth Circuit precedent, the remaining *protectable elements* in their screenplay are not substantially similar to the Film Defendants' film *American Skin*.  The works are before the Court, which means that it can and should assess the works for itself, without relying on the parties' characterizations of the works.

Plaintiffs have not plausibly alleged access *or* substantial similarity, which are *both* required to survive dismissal.  By definition, this means they also failed to sufficiently allege indirect copyright infringement, which requires a plausible claim for direct infringement.  As a result, the Film Defendants respectfully request that this Court dismiss Plaintiffs' complaint, this time with prejudice.

---

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## II.  PLAINTIFFS HAVE NOT PLAUSIBLY ALLEGED ACCESS

Plaintiffs proffer various theories as to how their screenplay could have gotten into the hands of one of the Film Defendants.  Specifically, Plaintiffs allege that some person, possibly Omari Hardwick (one of the actors in *American Skin*) or perhaps another individual affiliated with the TV One screenwriting competition or with the competition's sponsor, provided Plaintiffs' screenplay to one of the Film Defendants, or possibly read some portion of the screenplay aloud to them, or maybe the screenplay was accessed "through another channel" entirely.  Compl.  ¶ 81(a)-(c).  Plaintiffs acknowledge that they must allege a chain of events linking their screenplay to Defendants, Opp. at 7,[1] but their various speculative and inconsistent theories do not satisfy this requirement.

### A.    Speculative Theories of Possible Access Are Not Sufficient

To survive dismissal, a complaint must contain *factual* allegations that are sufficient to "raise a right of relief about the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiffs' access allegations are the epitome of the "speculative level," throwing out various possible scenarios of how the Film Defendants could theoretically have received Plaintiffs' screenplay.  These theories fail to provide "sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'"  *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (quoting *Twombly*, 550 U.S. at 557).  *See also Star Fabrics, Inc. v. Wet Seal, Inc.*, 2014 WL 12591271, at *4 (C.D. Cal. Dec. 2, 2014) (rejecting plaintiffs' "speculative list of the potential ways [defendant] could have theoretically accessed" the allegedly infringed work).

Plaintiffs contend that their access allegations are sufficient because they "need not allege [access] with the specificity one might expect from a computer forensic investigator."  Opp. at 8.  But *none* of the cases they rely on for this

---

[1] Plaintiffs do not argue that their script was widely disseminated.  *Pac. Dawn LLC v. Pritzker,* 831 F.3d 1166, 1178 n.7 (9th Cir. 2016) (argument not raised in opposition brief is waived).

FILM DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
4883-8739-4388v.5 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  proposition involve the sort of scattershot approach at issue in this case.  In *Segal v.*
2  *Segel*, for example, the plaintiff did not proffer a variety of possible theories; instead,
3  she specifically alleged that she sent her works to thirteen literary agents at WME,
4  which represented the defendants.  2022 WL 198699, at *10 (S.D. Cal. Jan. 21,
5  2022).  The court merely held that the factual allegation that the plaintiff sent her
6  script directly to the defendant's agent was sufficient to survive dismissal.  *Id.* at *11.
7  Similarly, in *Smith v. Little, Brown & Co.*, 245 F. Supp. 451 (S.D.N.Y. 1965), the
8  plaintiff alleged that she submitted her manuscript directly to the defendant, which
9  later published the allegedly infringing work.  *Id.* at 452, 458.  And in *Cabell v.*
10  *Zorro Prods.,* 2018 WL 2183236 (N.D. Cal. May 11, 2018), the parties did not
11  dispute that plaintiff directly provided one of the defendants with the works at issue.
12  *Id*. at *7.  Likewise, in *Klauber Brothers, Inc. v. City Chic Collective Ltd.,* 2022 WL
13  18278400 (C.D. Cal. Dec. 6, 2022), the plaintiff specifically alleged that a defendant
14  had "direct access" to the plaintiff's entire library "for the purpose of shopping
15  samples of Plaintiffs' designs."  2022 WL 18278400, at *6-7.  These cases are a far
16  cry from Plaintiffs' speculation about various possible theories of access.

17        Plaintiffs also rely on *Segal* to argue that the Film Defendants "fault Plaintiffs
18  for failing to allege facts exclusively in Defendants' own control" and that, under
19  *Segal*, Plaintiffs are "not expected to have knowledge" of facts supporting access.
20  Opp. at 10.  Plaintiffs misread *Segal*, in which the plaintiff sent her script to
21  defendant's agent, but did not allege how the script was transmitted from the
22  defendant's agent to the defendant.  *Segal*, 2022 WL 198699, at *11.  The court
23  found that *those* facts – *i.e.*, what happened to the script once in the possession of
24  defendant's agent – "reside exclusively within the files" of the defendant or
25  defendant's agent.  *Id.*  In this case, Plaintiffs fail to allege foundational information
26  about their screenplay and the alleged causal link between their work and the Film
27  Defendants.  This is not information "exclusively within the files" of the defendant,
28  particularly regarding Mr. Hardwick's alleged conduct at the TV One screenwriting

FILM DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
4883-8739-4388v.5 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  competition.  Instead, these are required allegations to plead a plausible claim for

2  copyright infringement.

3          Beyond failing to come up with a single case that supports their attempt to

4  avoid dismissal by alleging various unsupported theories of access, Plaintiffs'

5  attempt to distinguish the Film Defendants' cases miss the mark.  For example,

6  Plaintiffs contend that the court in *Griffin v. Peele*, 2017 WL 8231241 (C.D. Cal.

7  Oct. 18, 2017) rejected access because the "plaintiff admitted that the alleged chain

8  of events was 'unverifiable.'"  Opp. at 9.  But Plaintiffs' access argument relies on

9  the same type of speculation as in *Griffin*, specifically that some person must have

10  read or obtained Plaintiffs' script at the TV One screenwriting competition and then

11  somehow provided it or read it aloud to one of the Film Defendants, or, of course,

12  "through another channel."  Such allegations are just as unverifiable as in *Griffin*,

13  even though Plaintiffs refuse to acknowledge it like the *Griffin* plaintiff.  Similarly,

14  Plaintiffs contend that *Evans v. Warner Bros. Ent.,* 2018 WL 6133660 (C.D. Cal.

15  Sept. 17, 2018) is irrelevant because "plaintiff claimed to have given her book to

16  'unnamed actors' and provided no other details."  Opp. at 9.  In reality, other than

17  naming one *possible* recipient of their screenplay, Plaintiffs similarly provide no

18  factual details about how the Film Defendants allegedly accessed their work.[2]

19          Plaintiffs do not – and cannot – provide any authority suggesting that

20  speculating about different possible theories of access is sufficient to survive

21  dismissal.

22  **B.      The Opposition's Focus on Omari Hardwick Does Not Salvage the**

23  **         Complaint's Insufficient Access Allegations**

24          Despite the various theories of access proffered in the complaint, Plaintiffs'

25  opposition primarily focuses on one of those theories, that "Mr. Hardwick, star of

26  *American Skin* and friend to Mr. Parker, was involved in the 2017 TV One

27

28          [2] As in *Evans*, Plaintiffs also fail to allege that any of the Film Defendants
        actually reviewed their screenplay.  *Evans,* 2018 WL 6133660 at *3.

FILM DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
4883-8739-4388v.5 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Screenplay Competition and either provided or acted out the screenplay Plaintiffs

2  submitted for *A Routine Stop* to Defendant Parker." Compl. ¶ 81(a); Opp. at 1, 3, 7-

3  10. An intermediary third party "with whom both the plaintiff and defendant were

4  dealing had possession of plaintiff's work" may establish access where the "dealings

5  between the plaintiff and the intermediary and between the intermediary and the

6  alleged copier must involve some overlap in subject matter to permit an inference of

7  access." *Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016). Plaintiffs have not

8  come close to plausibly alleging access through Mr. Hardwick.

9        As an initial matter, *Plaintiffs do not even allege that Mr. Hardwick reviewed*

10 *or obtained a copy of their screenplay*, only that he was "one of the actors who

11 played out scenes from entries in the 2017 TV One Screenplay Competition."

12 Compl. ¶ 80. In other words, Plaintiffs allege that some scenes from some

13 screenplays submitted to the TV One screenwriting competition were read aloud by

14 various actors, and that because Mr. Hardwick allegedly was one of the actors

15 reading out some scenes of some screenplays, he may have reviewed Plaintiffs'

16 screenplay, which was not even a finalist in the competition. *See* Compl. ¶ 42.

17 These allegations do not plausibly establish that Mr. Hardwick "had possession of

18 plaintiff's work." *Loomis*, 836 F.3d at 995.

19       Even if Mr. Hardwick did have possession of the screenplay, which Plaintiffs

20 do not allege, Plaintiffs fail to allege any "dealings" between Mr. Hardwick and Mr.

21 Parker, that involved an overlap in subject matter. Plaintiffs allege that Mr.

22 Hardwick starred in *American Skin*, Compl. ¶ 81(a), but the Film was written and

23 directed by Mr. Parker, not Mr. Hardwick. Plaintiffs also allege without any detail

24 or factual support that Hardwick is a "friend to Mr. Parker," *id.*, but merely knowing

25 somebody is not an "overlap in subject matter" that supports access under Ninth

26 Circuit precedent. Lastly, Plaintiffs' allege that Mr. Hardwick "either provided or

27 acted out the screenplay … to Defendant Parker," *id.*, but this allegation is entirely

28

FILM DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
4883-8739-4388v.5 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    conclusory and unsupported by any factual content (and itself reflects various

2    inconsistent theories).

3         Plaintiffs rely heavily on *Marcus v. ABC Signature Studios, Inc.*, Opp. at 7-8,

4    to support their intermediary theory, but the defendants in that case failed to dispute

5    access in their motion to dismiss.  279 F. Supp. 3d 1056, 1064, 1074 (C.D. Cal.

6    2017) (dismissing case for lack of substantial similarity).  Further, the plaintiff

7    submitted his script directly to defendant Overbrook, which sponsored the

8    screenwriting competition that the plaintiff entered.  The court found these

9    allegations plausibly alleged that Overbrook and its owner Will Smith had

10   possession of the plaintiff's work.  *Id.* at 1064-1065.  This is nothing like Plaintiffs'

11   allegations, which speculate that because an actor from *American Skin* read certain

12   scenes from certain screenplays in a screenwriting competition sponsored by a

13   television network, he must have read certain scenes from Plaintiffs' screenplay and

14   then must have provided those scenes to Mr. Parker.

15        As for the dealings between Overlook/Smith and the defendants, the plaintiff

16   alleged that the creator of the defendants' work, Kenya Barris, was a "close business

17   associate" of Overbrook and Smith, that Barris had been employed by Overbrook

18   and/or Smith, and that Barris "worked on developing one or more pilots" for

19   Overbrook.  *Marcus v. ABC Signature Studios, Inc.*, Case No. 2:17-cv-00148 (C.D.

20   Cal. Jan. 6, 2017), ECF No. 1, ¶¶ 15-16.  Again, this is different than Plaintiffs'

21   complaint, which alleges only that Mr. Hardwick was a "friend to Mr. Parker" and

22   that he was one of the actors in *American Skin*.  Compl. ¶ 81(a).  There are no

23   allegations, nor could there be, that Mr. Hardwick employed Mr. Parker – or vice

24   versa – or that Mr. Hardwick and Mr. Parker developed creative projects together

25   prior to Mr. Parker writing *American Skin*.  In short, there is no "overlap in subject

26   matter to permit an inference of access." *Loomis*, 836 F.3d at 995.

27        Plaintiffs rely on several other cases for the proposition that their allegations

28   about Mr. Hardwick are sufficient, but none of them actually support their argument.

FILM DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
4883-8739-4388v.5 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  In some of the cases, the plaintiff alleged that they provided their work directly to

2  one of the defendants, unlike here.  *See Smith*, 245 F. Supp. at 454, 458 (plaintiff

3  submitted her manuscript to defendants publisher); *Cabell*, 2018 WL 2183236, at *7

4  (plaintiff provided works to one of the defendants).  In other cases, the plaintiff

5  alleged that they provided their work to the defendant's agent or representative, also

6  unlike here.  *See Segal*, 2022 WL 198699 at *10 (plaintiff sent her works to

7  defendants' literary agency).

8        In each of the cases on which Plaintiffs rely, the plaintiff sufficiently alleged

9  that the intermediary possessed or had direct access to the allegedly infringed work,

10  and not, like here, that an alleged intermediary may have been exposed to the work

11  and potentially even reviewed or read aloud part of the work based on the alleged

12  fact that the intermediary was reading certain portions of certain works submitted in

13  connection with a competition in which Plaintiffs participated, and then possibly

14  passed those scenes along to Mr. Parker (or perhaps "acted out the screenplay" to

15  him).  Compl. ¶ 81(a).  Plaintiffs' newfound focus on Mr. Hardwick as the

16  intermediary between Plaintiffs and the Film Defendants fails to rise about the

17  speculative level, meaning that Plaintiffs' copyright infringement claim fails as a

18  matter of law.[3]

19        **III.    THE WORKS ARE NOT SUBSTANTIALLY SIMILAR**

20  **A.    Discovery Is Not Required To Assess Substantial Similarity**

21        Plaintiffs claim that dismissal based on substantial similarity is "disfavored" on

22  a motion to dismiss and that development of the factual record and expert testimony

23  is needed to determine whether the alleged similar elements are protectable.  Opp. at

24  11-13.  Not so.  It has been the unbroken law of this Circuit for more than seventy-

25  five years that "when the copyrighted work and the alleged infringement are both

26

27        [3] Because this is Plaintiffs' third complaint with these same allegations
regarding access, and the Film Defendants' third motion to dismiss arguing that
those allegations are deficient, Plaintiffs should not be allowed a *fourth* chance to

28  sufficiently plead access, nor should the Film Defendants have to file a fourth
motion to dismiss on the same grounds.

FILM DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
4883-8739-4388v.5 0118814-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  before the court, capable of examination and comparison," assessing substantial

2  similarity on a motion to dismiss is appropriate. *Christianson v. West Pub.*, 149 F. 2d

3  202, 203 (9th Cir. 1945) (affirming dismissal). *See also Rentmeester v. Nike, Inc.*,

4  883 F.3d 1111, 1123 (9th Cir. 2017) (explaining that the works "are properly before

5  us and thus 'capable of examination and comparison,'" and affirming dismissal)

6  (quoting *Christianson*, 149 F.2d at 203).

7          Plaintiffs urge the Court to disregard this Ninth Circuit precedent in favor of

8  several recent unpublished cases. *See* Opp. at 15-16 (discussing *Zindel v. Fox*

9  *Searchlight Pictures, Inc.*, 815 F. App'x 158 (9th Cir. 2020); *Alfred v. Walt Disney*

10  *Co.*, 821 F. App'x 727 (9th Cir. 2020)). But, as this Court explained in *Ricketts v.*

11  *CBS Corp.*, 2020 WL 5005909, at *2 (C.D. Cal. July 23, 2020), "[n]othing in *Zindel*

12  constitutes a change in law. Not only is *Zindel* not controlling because it is

13  unpublished, but, the Ninth Circuit held only that, in that case, the district [court]

14  erred in finding that the works were substantially similar at the motion to dismiss

15  stage." Even if they were binding precedent, the unpublished *Zindel* and *Alfred*

16  decisions were the products of unusual circumstances specific to those cases. *See*

17  *Zindel*, 2018 WL 3601842, at *2 (finding expert testimony was necessary to

18  evaluate the highly fantastical plots of both works in which a cleaning woman at a

19  Cold War laboratory falls in love with a scientifically engineered aquatic creature);[4]

20  *Alfred*, 821 F. App'x at 729 (explaining rare circumstances warranted expert

21  testimony where defendant's *Pirates of the Caribbean* franchise created many of the

22  relevant tropes in the works at issue). In this case, in contrast, the ideas explored in

23  both of the works at issue – the murder of a Black person by the police and the

24  system's inability to provide justice – is sadly based in reality, not fantasy.

25          Plaintiffs do not provide any authority supporting their argument that district

26  courts cannot assess substantial similarity as a matter of law at the motion to dismiss

27

28         [4]*Zindel v. Fox Searchlight Pics., Inc.*, 2018 WL 3601842, at *2 (C.D. Cal. July 23, 2018).

FILM DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
4883-8739-4388v.5 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

stage.  Indeed, "the Ninth Circuit has regularly affirmed dismissals of copyright infringement claims when a comparison of the works—whether attached to a complaint or incorporated by reference—shows that they are not substantially similar as a matter of law."  *Whitehead v. Netflix, Inc.*, 2022 WL 17342602, at *10 (N.D. Cal. Nov. 30, 2022).  Because the works are before the Court and are "capable of examination and comparison," it may assess and decide substantial similarity without requiring that the parties engage in fact and expert discovery.

## B.   The Hardwell Lawsuit Supports Dismissal

As explained in the motion to dismiss, Plaintiffs in this case are not the only ones who explored the theme of taking matters into one's own hands after the legal system fails to hold law enforcement accountable for the stopping and killing of an innocent Black person during an unlawful stop.  Another plaintiff, Avan Hardwell, also sued the Film Defendants for allegedly copying "his" idea, which was allegedly created even before Plaintiffs' screenplay.  Notably, in all three works, there is "the element of retributive justice that comes from a close family member of the deceased kidnapping the police officer and putting him through a show trial, a trial that occurs during an armed standoff with police that culminates in a confession."  Opp. at 17-18.  And all three works "set their stories amidst the timely conversation about racial profiling, the relationship between the Black community and the police, and how the American justice system fails to hold police officers accountable for the killings of unarmed Black citizens."  Opp. at 18.  The fact that multiple plaintiffs are suing the same defendants for the same concept highlights that each of these works explore these same unprotectable ideas, *which do not belong to any one of them*, particularly as those ideas flow from real-world events.[5]

---

[5] Despite these similarities, Plaintiffs declare in their opposition that they and Mr. Hardwell both "clearly" wrote their screenplays independently of one another, Opp. at 13, without affording that same presumption to Mr. Parker, presumably because he was the only one to actually get his screenplay made into a film.

FILM DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
4883-8739-4388v.5 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiffs argue that the Hardwell lawsuit supports them because the district court denied the Film Defendants' motion to dismiss. Opp. at 15. But in *Hardwell*, unlike Plaintiffs' deficient allegations of access, Mr. Hardwell alleged that he mailed and emailed his screenplay directly to Mr. Parker. *See Hardwell v. Parker*, No. 2:21-cv-9100 (C.D. Cal. Nov. 19, 2021), ECF No. 1, ¶¶ 17, 21-22. As for substantial similarity, Mr. Hardwell "did not attach the Screenplay to his Complaint, nor did he provide a copy of the Screenplay to Defendants' counsel," *Id.*, Order, ECF No. 19 at 5, and thus the court could not conduct the necessary "examination and comparison" of the works, as the Court can here.

**C.       After The Unprotectable Elements Are Filtered Out, Plaintiffs' Screenplay and *American Skin* Are Not Substantially Similar**

After properly setting forth the extrinsic test for substantial similarity, Opp. at 11, Plaintiffs then ask the Court to find substantial similarity based primarily on unprotectable elements. Specifically, the thrust of Plaintiffs' claim – that both works are stories about a Black man who takes matters into his own hands after a relative (a son in *American Skin* and a twin brother in Plaintiffs' screenplay) is killed by a white police officer during a traffic stop and the criminal justice system fails to hold the police officer accountable (Opp. at 18) – is an unprotectable idea, sadly ripped from the headlines. Once this and other unprotectable elements (like the protagonist is "an unshaven, intelligent Black man who has strong views on justice" and is "armed with a handgun" (Opp. at 19)) are filtered out, as they must be, the *protectable elements* of Plaintiffs' screenplay and *American Skin* are almost nothing alike.

Plaintiffs argue that they have alleged more similarities than the cases described in the Film Defendants' motion to dismiss. For example, Plaintiffs contend that the works in *Ricketts v. CBS Corps.,* 439 F. Supp. 3d 1199, 1212-13 (C.D. Cal. 2020), *aff'd sub nom. Ricketts v. Berlanti Prods.,* 2022 WL 1046252 (9th Cir. Apr. 7, 2022) only involved "a shared basic plot premise of a 'rags to riches' story." Opp. At 20. But that plainly is not true: both works involved "a talented African-American

FILM DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
4883-8739-4388v.5 0118814-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

football player from the 'hood' who eventually plays football for a school in a 'more privileged' area." *Ricketts*, 439 F. Supp. 3d at 1212.  Both works began "with a shooting in the 'hood,' and in both … the protagonist faces racism from the white football player who plays the same position and attempts by players on the team to make the protagonist look bad," and in both works, "the protagonist goes back and forth between the 'hood' and the 'privileged' area." *Id.*  The similarities between the works in *Ricketts* were much more than just a "'rags to riches' story."  Despite that, this Court concluded that "although the plot is similar at a high level, as a matter of law the protectable elements are not substantially similar." *Id.* at 1213.  The Ninth Circuit affirmed, agreeing that "any similarities in the general concepts are unprotected." *Ricketts*, 2022 WL 1046252, at *1.

Plaintiffs likewise argue that the Film Defendants' reliance on *Newt v. Twentieth Century Fox Film Corp.,* 2016 WL 4059691 (C.D. Cal. July 27, 2016) is misplaced because one work was a "'documentary' about a 'pimp' running a prostitution ring in San Francisco" and the other work was "a television series focusing on the power struggle amongst a Black family in the music business."  Opp. at 20.  Plaintiffs again mischaracterize the works at issue.  In *Newt*, like here, the plaintiff alleged a list of similarities between the plots of the works at issue, including that both works "follow an African American man who was involved in drug dealing and has sons pursuing a music career"; "each involve an African American male lead character who entered a life of crime at age nine and has a troubled childhood"; and "the wife character is robbed, and four drug dealers and a close friend are killed by the protagonist." *Newt*, 2016 WL 4059692, at *3, 5.  Despite these alleged similarities, after filtering out the unprotectable elements, the court concluded that there was no substantial similarity as a matter of law. *Id.* at *7.

As for what elements in their screenplay are protectable, Plaintiffs attempt to circumvent this analysis entirely by repeatedly suggesting that the Film Defendants contend that Plaintiffs' screenplay is not original or protectable.  Opp. at 13, 17, 20.

FILM DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
4883-8739-4388v.5 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

The Film Defendants did nothing of the sort; of course Plaintiffs' screenplay is protected under copyright law.  The question is whether the *protectable elements* of their screenplay are *substantially similar* to *American Skin*, which they are not.  As a result, Plaintiffs' claims should be dismissed with prejudice.

## IV.      PLAINTIFFS' INDIRECT INFRINGEMENT CLAIMS FAIL

Contrary to Plaintiffs' assertion, the Film Defendants do not "concede that secondary liability exists in this case."  Opp. at 22.  As the Film Defendants explained, *see* Mot. § IV, and Plaintiffs do not dispute, if Plaintiffs fail to plausibly allege a claim of direct copyright infringement, their contributory and vicarious infringement claims must also be dismissed.  *Fox Broad. Co. v. Dish Network*, 747 F.3d 1060, 1068 (9th Cir. 2014).

## V.      CONCLUSION

Plaintiffs fail to plausibly plead access, substantial similarity of protected expression, or indirect infringement.  As a result, the Film Defendants respectfully request that the Court dismiss the complaint, Plaintiffs' third unsuccessful attempt at a viable complaint, in its entirety with prejudice.

DATED: March 13, 2023

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
RACHEL R. GOLDBERG
SAMANTHA LACHMAN

By:    /s/ Rachel R. Goldberg
          Rachel R. Goldberg

Attorneys for Defendants
NATHANIEL PARKER, TINY GIANT
PRODUCTIONS, LLC, ASP FILM, LLC,
TM FILM FINANCE, LLC, AND
VERTICAL ENTERTAINMENT, LLC

FILM DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
4883-8739-4388v.5 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899