PETER ANDERSON (State Bar No. 88891)
  peteranderson@dwt.com
NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
RACHEL R. GOLDBERG (State Bar No. 308852)
  rachelgoldberg@dwt.com
SAMANTHA LACHMAN (State Bar No. 331969)
  samanthalachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendants
NATHANIEL PARKER, TINY GIANT
PRODUCTIONS, LLC, ASP FILM, LLC,
TM FILM FINANCE, LLC, AND
VERTICAL ENTERTAINMENT, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANGING WORLD FILMS LLC, SELTON SHAW, and LANGSTON SHAW,<br><br>Plaintiffs,<br><br>vs.<br><br>NATHANIEL PARKER *a/k/a* NATE PARKER, TM FILM FINANCE LLC *d/b/a* TM FILMS, TINY GIANT PRODUCTIONS, LLC *d/b/a* TINY GIANT ENTERTAINMENT, VERTICAL ENTERTAINMENT, LLC, SHELTON JACKSON LEE *a/k/a* SPIKE LEE, and ASP FILM, LLC,<br><br>Defendants. | Case No. 2:22-cv-09021-DMG-PVC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO BIFURCATE DISCOVERY AND PERMIT INITIAL SUMMARY JUDGMENT MOTION ON ACCESS**<br><br>Date:  November 17, 2023<br>Time:  9:30 a.m.<br>Dept.:  Courtroom 8C |

**TO THE COURT, PLAINTIFFS, AND ALL PARTIES:**

PLEASE TAKE NOTICE that on November 17, 2023, at 9:30 a.m. or as soon as may be heard in Courtroom 8C of the United States District Court for the Central District of California, 350 West 1st Street, Los Angeles, CA, 90012, defendants Nathaniel Parker, Tiny Giant Productions, LLC, ASP Film, LLC, TM Film Finance, LLC, and Vertical Entertainment, LLC (collectively, "Defendants") will and hereby do move this Court to bifurcate discovery to allow an initial phase as to access, with all other discovery stayed pending further order of the Court, and to permit Defendants to file an initial motion for summary judgment limited to the potentially dispositive issue of access, without prejudice to Defendants filing a second motion for summary judgment as to other issues after the close of remaining discovery should the initial motion be denied.

This motion is brought pursuant to Federal Rules of Civil Procedure 1, 16, 26, and 42(b), and the Court's inherent authority to manage the actions before it and the Court's calendar and scheduling, and on the following grounds:

Plaintiffs Changing World Films LLC, Selton Shaw, and Langston Shaw (collectively, "Plaintiffs") assert claims for direct, contributory, and vicarious copyright infringement against Defendants. In the Complaint, Plaintiffs proffer various theories of access, including that an actor in Defendants' film *American Skin* obtained Plaintiffs' screenplay for *A Routine Stop* during a screenwriting competition and then provided that screenplay or "acted out" the screenplay to defendant Nathaniel Parker. Whether Defendants had access to Plaintiffs' screenplay is a distinct and severable issue, and if decided in favor Defendants, resolves the case in its entirety.

Severing the issue of access could save the Court and the parties considerable time, burden, and expense, will further the interest of judicial economy, will not prejudice (and could substantially benefit) all parties, and is appropriate under this Court's broad discretionary authority to manage discovery. Defendants also seek

i
MOTION TO BIFURCATE DISCOVERY AND
PERMIT INITIAL SUMMARY JUDGMENT MOTION ON ACCESS
4858-2735-3475v.3 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

leave to file a second motion for summary judgment as to other issues, after the close of the remaining fact and expert discovery, if the initial motion for summary judgment as to access is denied.

The motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities and proposed order, the pleadings and papers on file in this action, the matters of which this Court may take judicial notice, and such additional matters and oral argument as may be offered in support of the motion.

This motion is made following Defendants' efforts to meet and confer pursuant to Local Rule 7-3. Declaration of Rachel R. Goldberg ("Goldberg Decl.") ¶¶ 2-3. Defendants initiated those efforts on October 6, 2023, and provided the grounds for this motion on October 11, 2023. *Id*.

DATED: October 20, 2023

DAVIS WRIGHT TREMAINE LLP
PETER ANDERSON
NICOLAS A. JAMPOL
RACHEL R. GOLDBERG
SAMANTHA LACHMAN

By: /s/ Rachel R. Goldberg
      Rachel R. Goldberg

Attorneys for Defendants

ii

MOTION TO BIFURCATE DISCOVERY AND
PERMIT INITIAL SUMMARY JUDGMENT MOTION ON ACCESS
4858-2735-3475v.3 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................... 1

II. FACTUAL AND PROCEDURAL BACKGROUND ................................. 2

III. THIS COURT SHOULD EXERCISE ITS DISCRETION TO BIFURCATE DISCOVERY ..................................................................................................... 3

    A. Legal Standard............................................................................................ 3

    B. Access is a Discrete and Dispositive Issue............................................ 4

    C. Bifurcation Would Promote Conservation of Resources and Judicial Efficiency ..................................................................................................... 8

    D. Bifurcation Will Not Prejudice Plaintiffs............................................... 9

IV. CONCLUSION....................................................................................................... 10

iii

MOTION TO BIFURCATE DISCOVERY AND
PERMIT INITIAL SUMMARY JUDGMENT MOTION ON ACCESS

4858-2735-3475v.3 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advertise.com, Inc. v. AOL, LLC*,
   2011 WL 13186156 (C.D. Cal. Aug. 15, 2011) .................................................5

*Bassil v. Webster*,
   2021 WL 1235258 (C.D. Cal. Jan. 15, 2021) ............................................ *passim*

*Craigslist Inc. v. 3Taps Inc.*,
   942 F. Supp. 2d 962 (N.D. Cal. 2013) ...............................................................4

*Danjaq LLC v. Sony Corp.*,
   263 F.3d 942 (9th Cir. 2001) ..............................................................................4

*Drennan v. Md. Cas. Co.*,
   366 F. Supp. 2d 1002 (D. Nev. 2005) ................................................................4

*Ellingson Timber Co. v. Great N. Ry. Co.*,
   424 F.2d 497 (9th Cir. 1970) .................................................................... 3, 4, 8

*Folkens v. Wyland Worldwide, LLC*,
   882 F.3d 768 (9th Cir. 2018) ..............................................................................4

*General Patent Corp. International v. Hayes Microcomputer Products Inc.*,
   1997 WL 770874 (C.D. Cal. Oct. 20, 1997)......................................................7

*Kleinhammer v. City of Paso Robles*,
   2008 WL 11411408 (C.D. Cal. Oct. 10, 2008)..................................................6

*M2 Software, Inc. v. Madacy Entm't*,
   421 F.3d 1073 (9th Cir. 2005) ...........................................................................3

*McDermott v. Potter*,
   2010 WL 956808 (N.D. Cal. Mar. 12, 2010).....................................................4

*Moreno* v. *NBCUniversal Media, LLC*,
   2013 WL 12123988 (C.D. Cal. Sept. 30, 2013) ............................................ 6, 9

*OSHO Int'l Found. v. Way*,
   2019 WL 12379558 (C.D. Cal. Sept. 11, 2019) ................................................9

iv
MOTION TO BIFURCATE DISCOVERY AND
PERMIT INITIAL SUMMARY JUDGMENT MOTION ON ACCESS
4858-2735-3475v.3 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Perfect 10, Inc. v. Giganews, Inc.*,
  847 F.3d 657 (9th Cir. 2017) ...................................................................................8

*Shamraev v. Tiktok Inc.*,
  2022 WL 17882129 (C.D. Cal. Oct. 12, 2022)........................................................9

*Sound & Color, LLC v. Smith*,
  2023 WL 6629205 (C.D. Cal. Sept. 6, 2023) ..........................................................5

*Three Boys Music Corp. v. Bolton*,
  212 F.3d 477 (9th Cir. 2000) ...................................................................................4

*Vivid Techs. v. Am. Sci. & Eng'g*,
  200 F.3d 795 (Fed. Cir. 1999).................................................................................4

*Wixen Music Publ'g v. Triller, Inc.*,
  2021 WL 4816627 (C.D. Cal. Aug. 11, 2021)............................................. *passim*

*Young v. Mophie, Inc.*,
  2020 WL 1000578 (C.D. Cal. Jan. 7, 2020) ....................................................... 3, 9

*Zahedi v. Miramax, LLC*,
  2021 WL 3260603 (C.D. Cal. Mar. 24, 2021)........................................ 5, 6, 7, 9

**Statutes**

17 U.S.C. § 504(b) ........................................................................................................9

42 U.S.C. § 1983 ...........................................................................................................6

**Rules**

Federal Rule of Civil Procedure 42(b) ..................................................................... 3, 8

v

MOTION TO BIFURCATE DISCOVERY AND
PERMIT INITIAL SUMMARY JUDGMENT MOTION ON ACCESS
4858-2735-3475v.3 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## I. INTRODUCTION

Plaintiffs bring this copyright infringement action asserting that the award-winning film *American Skin* copied their unpublished screenplay *A Routine Stop*. In the Complaint, Plaintiffs theorize various different ways that Defendants could have had access to their screenplay, most of which focus on a 2017 screenwriting competition and Omari Hardwick, one of the actors in the Film. *See* Compl. ¶ 81. Whether Defendants had access to *A Routine Stop* is a severable and discrete question, and an early determination of this issue could resolve the case entirely. As a result, Defendants seek to bifurcate this case into an initial phase of fact discovery solely as to access, concluding with a summary judgment motion limited to that issue. If that motion is denied, the case would proceed to fact and expert discovery on the remaining issues.

Bifurcation would have numerous advantages in this case. There are a number of defendants in this case – including the writer/director, distributor, and financier – and numerous substantive issues, including ownership, independent creation, substantial similarity, and secondary liability. In contrast, access is a narrow and threshold issue relating to one defendant and a few third parties. Moreover, bifurcation will not prejudice Plaintiffs in any manner. It would not cause any additional cost, delay, or undue burden on Plaintiffs, but would only simplify and streamline discovery. Indeed, if Defendants prevail on a motion for summary judgment for lack of access, bifurcation will have saved the parties, including Plaintiffs, from the time and cost of engaging in wide-ranging discovery (including expert discovery) into a variety of unnecessary matters, such as substantial similarity. As the Court has not issued a scheduling order in this matter, there will be no impact on any current schedule or undue delay.

Defendants respectfully request that this Court order an initial phase of fact discovery solely relating to access, staying other discovery unless and until an initial summary judgement motion on access is denied.

1

MOTION TO BIFURCATE DISCOVERY AND
PERMIT INITIAL SUMMARY JUDGMENT MOTION ON ACCESS
4858-2735-3475v.3 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Selton and Langston Shaw are screenwriters who "write, produce, and direct films together through their entertainment company, Changing World Films LLC," which they own and operate. Compl. ¶¶ 2, 7. They filed this lawsuit on December 13, 2022, asserting claims for direct, contributory, and vicarious copyright infringement. ECF No. 1. In the lawsuit, they allege that Defendants' film *American Skin* infringes the copyright to their unpublished screenplay *A Routine Stop*.

Plaintiffs allege that they submitted *A Routine Stop* to the 2017 TV One Screenplay Competition (the "TV One Competition"), which is "administered and judged in partnership with the American Black Film Festival (ABFF)." Compl. ¶¶ 3, 37, 76-77. The screenplay was not selected as a competition finalist. Compl. ¶ 42. While Plaintiffs allege that Mr. Parker was "involved in events with the ABFF" in a prior year, Compl. ¶ 78, they do not allege that any of Defendants participated in or were involved with the TV One Competition during the year Plaintiffs allegedly submitted their screenplay. Instead, Plaintiffs offer several alternate theories of access.

First, Plaintiffs allege one of the actors in *American Skin*, Omari Hardwick, played out certain scenes of certain screenplays during the TV One Competition, and thus he somehow obtained *A Routine Stop* and then "either provided or acted out the screenplay Plaintiffs submitted for *A Routine Stop* to Defendant Parker." Compl. ¶¶ 79-80, 81(a). Second, Plaintiffs theorize that some other unidentified individual "connected with the 2017 TV One Screenplay Competition or the ABFF made the screenplay for *A Routine Stop* available to a named defendant." *Id.* ¶ 81(b). Third, Plaintiffs allege that perhaps in the "intervening two years" between the TV One Competition and the release of *American Skin*, Mr. Parker obtained a copy of Plaintiffs' screenplay "through another channel." *Id.* ¶ 81(c).

2

MOTION TO BIFURCATE DISCOVERY AND
PERMIT INITIAL SUMMARY JUDGMENT MOTION ON ACCESS
4858-2735-3475v.3 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendants moved to dismiss the complaint in its entirety for failure to state a claim. ECF No. 20. Relevant to this motion, the Court found Plaintiffs had plausibly alleged one theory of access, that Omari Hardwick obtained or acted out *A Routine Stop* during the TV One Competition, and did not address the other theories. ECF No. 34 at 4-6. Defendants now seek to bifurcate this case to focus on this threshold and potentially dispositive issue.

## III. THIS COURT SHOULD EXERCISE ITS DISCRETION TO BIFURCATE DISCOVERY

Defendants seek to avoid substantial and undue delay and expense in the determination of this action by bifurcating the case as follows: (1) an initial phase focused on the issue of whether Defendants had access to Plaintiffs' screenplay, during which discovery will be stayed on the remaining issues unless and until Plaintiffs defeat Defendants' motion for summary judgment on access, and (2) if necessary, a subsequent phase for remaining liability issues, along with a second motion for summary judgment.

### A. Legal Standard

Federal Rule of Civil Procedure 42(b) grants the Court "broad discretion to bifurcate proceedings '[f]or convenience or to avoid prejudice, or to expedite and economize.'" *Wixen Music Publ'g v. Triller, Inc.*, 2021 WL 4816627, at *1 (C.D. Cal. Aug. 11, 2021) (alteration in original) (quoting Fed. R. Civ. P. 42(b)); *accord M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1088 (9th Cir. 2005). As part of Rule 42(b)'s wide discretionary authority, the Court has "power to limit discovery to the segregated issues … to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Wixen*, 2021 WL 4816627, at *1 (quoting *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970)); *Bassil v. Webster*, 2021 WL 1235258, at *1 (C.D. Cal. Jan. 15, 2021) (same); *see also Young v. Mophie, Inc.*, 2020 WL 1000578, at *2 (C.D. Cal. Jan. 7, 2020) ("A district court has broad

MOTION TO BIFURCATE DISCOVERY AND
PERMIT INITIAL SUMMARY JUDGMENT MOTION ON ACCESS
4858-2735-3475v.3 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation.") (quoting *Vivid Techs. v. Am. Sci. & Eng'g*, 200 F.3d 795, 803-804 (Fed. Cir. 1999)).

"One permissible reason to bifurcate is to defer costly discovery on one issue until another potentially dispositive issue has been resolved." *Craigslist Inc. v. 3Taps Inc.*, 942 F. Supp. 2d 962, 982 (N.D. Cal. 2013) (citing *Ellingson Timber Co.*, 424 F.2d at 499). Another "favored purpose of bifurcation" is to "avoid[] a difficult question by first dealing with an easier, dispositive issue." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001); *see Wixen*, 2021 WL 4816627, at *1 ("Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case.") (quoting *Drennan v. Md. Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005)). In assessing whether bifurcation is appropriate, courts consider several factors, "including separability of the issues, simplification of discovery and conservation of resources, and prejudice to the parties." *Wixen*, 2021 WL 4816627, at *1 (quoting *McDermott v. Potter*, 2010 WL 956808, at *1 (N.D. Cal. Mar. 12, 2010)). Each of these factors weighs in favor of bifurcation.

**B.     Access is a Discrete and Dispositive Issue**

Defendants seek to address the issue of access in an initial phase because it is a discrete and dispositive issue. To maintain a claim of copyright infringement, "a plaintiff can establish copying by showing (1) that the defendant had access to the plaintiff's work *and* (2) that the two works are substantially similar." *Folkens v. Wyland Worldwide, LLC*, 882 F.3d 768, 774 (9th Cir. 2018) (emphasis added). "A plaintiff may establish access either by establishing that plaintiff's work was 'widely disseminated' or a 'particular chain of events' from the plaintiff's work to the creators of the allegedly infringing work." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000). There is no contention in this case that Plaintiffs' unpublished screenplay was widely disseminated. Instead, the critical

4

MOTION TO BIFURCATE DISCOVERY AND
PERMIT INITIAL SUMMARY JUDGMENT MOTION ON ACCESS
4858-2735-3475v.3 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

issue is whether there is a "chain of events" linking the screenplay to the creators of *American Skin*.

As this Court noted in its order denying Defendants' motion to dismiss, "Plaintiffs' primary theory of access is that Defendant Parker obtained the Screenplay from Omari Hardwick, who was involved in the TV One Screenplay Competition, an actor in the Film, and a friend of Defendant Parker." ECF No. 34 at 4. The Complaint "theorizes that Hardwick thus obtained the Screenplay and provided or 'acted [it] out' to Defendant Parker." *Id*. While the Court concluded that Plaintiffs had plausibly alleged access for purposes of a motion to dismiss, Plaintiffs will need to show there is a triable issue of fact as to whether Defendants had access to their screenplay to survive summary judgment.

Defendants seek to address this dispositive, simple, and separable issue of access before addressing other issues, like substantial similarity, independent creation, and damages. This lawsuit is a model candidate for bifurcation because an initial phase of fact discovery solely as to access—which would require limited discovery—is a completely separable issue and may dispose of this whole matter. *See Zahedi v. Miramax, LLC*, 2021 WL 3260603, at *2 (C.D. Cal. Mar. 24, 2021) (bifurcation appropriate where copyright ownership was a dispositive and separate issue); *Wixen*, 2021 WL 4816627 at *2 (same); *Bassil*, 2021 WL 1235258 at *2 (bifurcating issues of access and substantiality on the one hand and damages on the other hand because, *inter alia*, the issues involved little overlap). *See also Advertise.com, Inc. v. AOL, LLC*, 2011 WL 13186156, at *3 (C.D. Cal. Aug. 15, 2011) (bifurcating discovery into initial phase to determine trademark validity); *Sound & Color, LLC v. Smith*, 2023 WL 6629205, at *1 (C.D. Cal. Sept. 6, 2023) ("Defendants moved only on the issue of substantial similarity, pursuant to the Court's bifurcation order … which required an initial phase of expert discovery into whether Plaintiff satisfied the extrinsic test, a prerequisite to proving infringement in this circuit.").

5

MOTION TO BIFURCATE DISCOVERY AND
PERMIT INITIAL SUMMARY JUDGMENT MOTION ON ACCESS
4858-2735-3475v.3 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Here, access is "easily severable" from other issues in this action, including substantial similarity, because fact discovery on this issue has no bearing on any other issue in the case. The allegations of access in this case are particularly amenable to bifurcation because discovery on this issue will focus on whether Defendants obtained Plaintiffs' screenplay through the 2017 TV One Screenplay Competition (or through some other unidentified channel). This evidence would not overlap with any other issue. *Wixen*, 2021 WL 4816627, at *3 (bifurcation granted in part because it "would not result in overlapping discovery requests" and would not implicate "other matters related to liability or damages"); *Bassil*, 2021 WL 1235258, at *2 (bifurcation appropriate between liability and damages where there "would be no overlap in either fact discovery or expert testimony"); *Moreno* v. *NBCUniversal Media, LLC*, 2013 WL 12123988, at *2-3 (C.D. Cal. Sept. 30, 2013) (favoring bifurcation where the witnesses and documents relevant to the first phase were "discrete" and "limited"). As access is an easily severable issue in this case, there is no risk that bifurcation would result in duplication or overlapping discovery.

In determining whether an issue is discrete, courts evaluate whether there is any "overlap" in discovery efforts. In *Kleinhammer v. City of Paso Robles*, 2008 WL 11411408 (C.D. Cal. Oct. 10, 2008), for example, the court granted a motion to bifurcate an equitable tolling issue from the merits of claims under Section 1983 and for inverse condemnation. There was a "lack of overlap" between the merits of the claims and the issues surrounding the statute of limitations period. *Id*. at *5. Accordingly, the court reasoned that "adjudicating the statute of limitations issue before proceeding to the merits of plaintiff's claims will best serve the convenience of the parties and the Court, and is the best way to secure the just, speedy and inexpensive determination of the lawsuit." *Id.*

This court's decision in *Zahedi* is particularly instructive. *Zahedi*, 2021 WL 3260603, at *2. In that copyright case, like here, a single issue (ownership) had the potential to dispose of the entire litigation. *Id.* The court explained:

6

MOTION TO BIFURCATE DISCOVERY AND
PERMIT INITIAL SUMMARY JUDGMENT MOTION ON ACCESS
4858-2735-3475v.3 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

> Critically, the entire case may be resolved by answering the question of whether Miramax or Zahedi owns the Photograph at issue. The first phase of discovery's issues regarding ownership and the statute of limitations are likely to be straightforward issues of law, can be litigated solely by and between Miramax and Zahedi, and will be resolved or at least clarified on a motion for summary judgment or summary adjudication of issues. The second phase's issue of damages is far more complex and requires extensive discovery from 14 additional Defendants regarding licensing practices and accounting for 25 years' worth of sales of merchandise bearing the Photograph. The distinct questions of ownership and the statute of limitations rely on witnesses and sources of proof different from those relating to damages.

*Zahedi*, 2021 WL 3260603, at *2. Here, as in *Zahedi*, the issue of access is separable from the other issues in the case and potentially dispositive. Also like *Zahedi*, discovery will focus on only one of the defendants, Nathaniel Parker, who Plaintiffs allege received their screenplay from Omari Hardwick.[1]

Based on similar reasoning, in *General Patent Corp. International v. Hayes Microcomputer Products Inc.*, 1997 WL 770874, at *1 (C.D. Cal. Oct. 20, 1997), the court granted a motion to bifurcate patent validity and enforceability issues from infringement and damages issues:

> Here it appears the validity and enforcement issues may be dispositive. If the patents are found invalid or unenforceable there will be no need to resolve the infringement and damages claims. Conversely, if the patents are found valid and enforceable it will likely promote settlement of the action before trial on the infringement and damages issues. Thus, it will almost certainly be efficient for this court to first address the issues of validity and enforceability before turning to the other claims.

Here, too, access is potentially dispositive, weighing in favor of bifurcation.

---

[1] Like *Zahedi*, this action is also in its early stages, which is another factor favoring bifurcation; in fact, this case *Zahedi* has progressed even further. *See id.* ("While the parties have engaged in some discovery already, the litigation is still in its early stages.").

7

MOTION TO BIFURCATE DISCOVERY AND
PERMIT INITIAL SUMMARY JUDGMENT MOTION ON ACCESS
4858-2735-3475v.3 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### C. Bifurcation Would Promote Conservation of Resources and Judicial Efficiency

Simplification of discovery and conservation of resources are other factors courts use to determine whether bifurcation is appropriate. Here, Defendants seek to address the dispositive and straightforward issue of access before addressing more costly and complicated issues, like substantial similarity and damages. Thus, bifurcation could result in avoiding extensive, intrusive, and costly discovery involving five defendants. *See Ellingson Timber*, 424 F.2d at 499 (purpose of Rule 42(b) is "to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues").

*First*, the issue of whether Defendants accessed Plaintiffs' screenplay is relatively more straightforward than, for example, determining substantial similarity. Only a few witnesses are likely to be deposed or possess any documents relevant to the access issue. While the parties will need to engage in expert discovery regarding substantial similarity, no such expert discovery would be required to consider the issue of access. Expert discovery into apportionment of profits will likely be necessary, as well. Discovery as to the "chain of events" by which Defendants could have accessed the screenplay is significantly less complicated than discovery into the other elements of a copyright claim.

*Second*, bifurcation would enable the parties to potentially avoid unnecessarily spending a considerable amount of time and resources on discovery "due to the potentially high degree of complexity and cost involved," particularly given the number of defendants in this case. *Bassil*, 2021 WL 1235258, at *2. If not resolved on the issue of access, this case will require significant discovery on other issues, including ownership, substantial similarity, and independent creation. Discovery will also be required for Plaintiffs' secondary liability claims, which trigger their own distinct factual and legal elements. *See Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 670 (9th Cir. 2017) (legal elements of contributory

8

MOTION TO BIFURCATE DISCOVERY AND
PERMIT INITIAL SUMMARY JUDGMENT MOTION ON ACCESS
4858-2735-3475v.3 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

copyright infringement claim). The parties will also need to conduct discovery regarding potential damages, which is complex in copyright actions. *See* 17 U.S.C. § 504(b). Unsurprisingly, courts have routinely acknowledged the burdens imposed by damages discovery in copyright infringement cases and have bifurcated on that basis. *E.g.*, *Bassil*, 2021 WL 1235258, at *2; *OSHO Int'l Found. v. Way*, 2019 WL 12379558, at *3 (C.D. Cal. Sept. 11, 2019); *Shamraev v. Tiktok Inc.,* 2022 WL 17882129, at *2 (C.D. Cal. Oct. 12, 2022).

Discovery into these numerous and wide-ranging issues will require the collection, review, preparation, and production of documents from five defendants, along with party, non-party, and expert depositions. *See Zahedi*, 2021 WL 3260603, at *2 (bifurcating where the second phase of discovery "is far more complex and requires extensive discovery from 14 additional Defendants"); *Bassil*, 2021 WL 1235258, at *2 (bifurcation favored in light of "potential complexities and attendant costs of damages discovery"). If Plaintiffs cannot establish that Defendants accessed their screenplay, however, much of this discovery will be unnecessary. *Cf. Young*, 2020 WL 1000578, at *3 ("Proceeding immediately on all classwide issues would subject the parties to highly extensive discovery that may ultimately be unnecessary if Mophie prevails on dispositive motions regarding Plaintiffs' individual claims."); *see also Moreno*, 2013 WL 12123988, at *2 (reasoning that severing discovery would spare some defendants from participation until necessary). Accordingly, bifurcation is appropriate.

### D. Bifurcation Will Not Prejudice Plaintiffs

Bifurcation will avoid substantial prejudice to Defendants while in no way prejudicing Plaintiffs. Plaintiffs' theory of access is based on pure speculation. If, following an initial period of fact discovery, there is no evidence that Defendants had access to Plaintiffs' screenplay, bifurcation will have saved significant time and money incurred *by all parties* and conserve significant judicial resources. *See Moreno*, 2013 WL 12123988 at *2 (noting that bifurcation of discovery in a

9

MOTION TO BIFURCATE DISCOVERY AND
PERMIT INITIAL SUMMARY JUDGMENT MOTION ON ACCESS
4858-2735-3475v.3 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

copyright claim "could save both Parties significant time and money") (citation omitted); *Bassil*, 2021 WL 1235258, at *3 ("If the motion is granted, bifurcation would have benefited everyone—the parties are spared needless cost and the Court avoids potential disputes about damages."). There would be no need to resolve other issues, including substantial similarity and damages.

Conversely, if the Court denies Defendants' motion for summary judgment on access, bifurcation will not have prejudiced Plaintiffs in any manner. Plaintiffs must collect evidence regarding access at some point in this case, and whether they do that first, as opposed to while collecting evidence regarding other issues, is not prejudicial. *See Wixen*, 2021 WL 4816627 at *4 ("[Defendant] is not requesting any additional discovery, only that initial discovery that may foreclose later discovery proceed first."). Importantly, bifurcation would in no way impact any scheduling order as one has not been issued yet. If Plaintiffs prevail on the initial summary judgment motion, the parties will simply move to the other fact and expert discovery in the case.

In the unlikely event that Plaintiffs suffer some delay as a result of bifurcation, any such harm is vastly outweighed by the prejudice to Defendants of having to complete extensive discovery on every other issue in the case before the Court considers the parties' evidence regarding the dispositive issue of access.

## IV. CONCLUSION

For the foregoing reasons, including because bifurcated discovery would further convenience, efficiency, and judicial economy in this case, Defendants respectfully request that this Court bifurcate discovery into two phases, with an initial phase to determine the narrow and potentially dispositive issue of access, and a subsequent phase, if necessary, to address remaining issues of liability and damages. Defendants also respectfully request leave to file an initial summary judgment motion without prejudice to, if the initial motion does not dispose of the

10

MOTION TO BIFURCATE DISCOVERY AND
PERMIT INITIAL SUMMARY JUDGMENT MOTION ON ACCESS
4858-2735-3475v.3 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

case, filing a later summary judgment motion on other issues at the close of discovery.

DATED: October 20, 2023

DAVIS WRIGHT TREMAINE LLP
PETER ANDERSON
NICOLAS A. JAMPOL
RACHEL R. GOLDBERG
SAMANTHA LACHMAN

By: /s/ Rachel R. Goldberg
 Rachel R. Goldberg

Attorneys for Defendants
NATHANIEL PARKER, TINY GIANT PRODUCTIONS, LLC, ASP FILM, LLC, TM FILM FINANCE, LLC, AND VERTICAL ENTERTAINMENT, LLC

11
MOTION TO BIFURCATE DISCOVERY AND
PERMIT INITIAL SUMMARY JUDGMENT MOTION ON ACCESS
4858-2735-3475v.3 0118814-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## WORD COUNT CERTIFICATION

The undersigned, counsel of record for Defendants, certifies that this brief contains 3,227 words, which complies with the word limit of L.R. 11-6.1.

DATED: October 20, 2023

D<small>AVIS</small> W<small>RIGHT</small> T<small>REMAINE</small> LLP
PETER ANDERSON
NICOLAS A. JAMPOL
RACHEL R. GOLDBERG
SAMANTHA LACHMAN

By:   /s/ Rachel R. Goldberg
   Rachel R. Goldberg

Attorneys for Defendants
NATHANIEL PARKER, TINY GIANT PRODUCTIONS, LLC, ASP FILM, LLC, TM FILM FINANCE, LLC, AND VERTICAL ENTERTAINMENT, LLC

12

MOTION TO BIFURCATE DISCOVERY AND PERMIT INITIAL SUMMARY JUDGMENT MOTION ON ACCESS
4858-2735-3475v.3 0118814-000001

D<small>AVIS</small> W<small>RIGHT</small> T<small>REMAINE</small> LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899