NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
RACHEL R. GOLDBERG (State Bar No. 308852)
  rachelgoldberg@dwt.com
SAMANTHA LACHMAN (State Bar No. 331969)
  samanthalachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

JOHN D. FREED (State Bar No. 261518)
  jakefreed@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Fax: (415) 276-6599

Attorneys for Defendants
NATHANIEL PARKER, TINY GIANT
PRODUCTIONS, LLC, ASP FILM, LLC,
TM FILM FINANCE, LLC, AND
VERTICAL ENTERTAINMENT, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANGING WORLD FILMS LLC, SELTON SHAW, and LANGSTON SHAW,<br><br>  Plaintiffs,<br><br>  vs.<br><br>NATHANIEL PARKER *a/k/a* NATE PARKER, TM FILM FINANCE LLC *d/b/a* TM FILMS, TINY GIANT PRODUCTIONS, LLC *d/b/a* TINY GIANT ENTERTAINMENT, VERTICAL ENTERTAINMENT, LLC, SHELTON JACKSON LEE *a/k/a* SPIKE LEE, and ASP FILM, LLC,<br><br>  Defendants. | Case No. 2:22-cv-09021-DMG-PVC<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:  December 15, 2023<br>Time:  9:30 a.m.<br>Dept.:  Courtroom 8C |

Joint Rule 26(f) Report

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Court's October 5, 2023 Scheduling Conference Order (Dkt. 38), the parties to this case, by and through their respective counsel, jointly submit this Rule 26(f) Report after exchanging drafts and holding a meeting via counsel on November 29, 2023:

### 1. Principal Issues in the Case

<u>Plaintiffs' position</u>:  Plaintiffs contend that Defendants stole major themes, characters, story lines, the logline, and other portions of Plaintiffs' screenplay for *A Routine Stop* to create their film, *American Skin*.  Plaintiffs contend that they submitted their screenplay to the TV One Screenplay Competition in 2017 with the goal of having their screenplay produced into a feature film, and that Defendants had access to *A Routine Stop* in a number of ways, either through TV One or the American Black Film Festival (TV One's partner in administering and judging the competition).  Plaintiffs contend that in 2019, Defendants premiered *American Skin* at the Venice Film Festival, a film that is substantially similar to Plaintiffs' screenplay.  While Defendants have profited and been rewarded tremendously for *American Skin*, Plaintiffs contend that they have not been compensated or credited for their work.  Plaintiffs brought this action against Defendants under the Copyright Act, 17 U.S.C. §§ 106, *et seq.*, for unlawful infringement of copyright, including direct, contributory, and vicarious infringement.

The issues before this Court therefore include: (1) the extent of Defendants' access to *A Routine Stop*, (2) the substantial similarity of *American Skin* to *A Routine Stop*, and (3) the extent of Plaintiffs' damages and the potential for other forms of relief.

<u>Defendants' position</u>: Defendants contend that *American Skin* was created independently of, and without reference to, *A Routine Stop*.  They contend that none of the Defendants had access to *A Routine Stop* before this lawsuit, and that *A Routine Stop* was not widely disseminated at any point.  In addition, Defendants

contend that *American Skin* and *A Routine Stop* are not substantially similar as a matter of law.

To establish direct copyright infringement, Plaintiffs must prove that (1) Defendants had access to *A Routine Stop*, and (2) the allegedly infringing work is substantially similar to *A Routine Stop*. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000). Plaintiffs cannot establish either of these two elements.

Defendants contend that Plaintiff's first cause of action for copyright infringement fails because Defendants did not have access to *A Routine Stop* and because *American Skin* is not substantially similar *A Routine Stop*. *See Bernal v. Paradigm Talent and Literary Agency*, 788 F. Supp. 2d 1043, 1052-1058 (C.D. Cal. 2010) (rejecting plaintiff's tangential access argument and holding works at issue were not substantially similar). Moreover, even if Plaintiffs could establish access and substantial similarity, Defendants contend that his claims will still fail because *American Skin* was independently created, which is an absolute defense to Plaintiffs' claims. *See Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) ("independent creation is a complete defense to copyright infringement"). Defendants also contend that Plaintiffs' second and third causes of action for contributory and vicarious infringement fail because their underlying claims for direct infringement against Defendants fail. *See Fox Boad. Co. v. Dish Network*, 747 F.3d 1060, 1068 (9th Cir. 2014) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party."). These claims fail for the independent reasons that Plaintiffs will be unable to establish the elements of contributory copyright infringement (knowledge of direct infringement & material contribution to infringement) or vicarious copyright infringement (right and ability to supervise infringement and direct financial interest in infringement). *See A&M Records, Inv. v. Napster, Inc.*, 239 F.3d 1004, 1019-24 (9th Cir. 2001).

The issues before this Court include (i) whether Defendants had access to *A Routine Stop*; (ii) whether *American Skin* and *A Routine Stop* are substantially similar in their protectable elements; (iii) whether Defendants independently created *American Skin*; (iv) whether, assuming Plaintiffs establish direct infringement, they can establish secondary liability against any Defendant; and (v) whether and to what extent Plaintiff are entitled to damages or other relief.

### 2. Likelihood of Pleading Amendments

Plaintiffs' position: Plaintiffs do not anticipate amending their complaint at this time.

Defendants' position: Defendants do not anticipate amending their answer.

### 3. Issues Determined by Motion

Plaintiff's position: As the Court is aware, Plaintiffs oppose Defendants' motion to bifurcate discovery and permit filing of successive summary judgment motions. Plaintiffs will also oppose any summary judgment motion filed by Defendants.

Defendants' position: As the Court is aware, Defendants seek to bifurcate the issue of access, and move for summary judgment on access first, followed (if necessary) by discovery and summary judgment on other issues. Defendants anticipate filing a motion for summary judgment on issues including access, substantial similarity, and independent creation.

### 4. Magistrate Judge

The parties do not consent to have a Magistrate Judge conduct all further proceedings, including trial and entry of judgment, pursuant to 28 U.S.C. § 636.

### 5. Additional Parties

The parties do not presently anticipate adding any parties to this lawsuit. But the parties reserve the right to seek to add parties based on information obtained during discovery.

**6. Jury Trial**

Plaintiffs have requested a jury trial.

**7. Length of Trial**

The parties expect that the trial will last approximately 4-6 days.

**8. Settlement Discussions and ADR**

The parties have not engaged in settlement discussions at this time. The parties are amenable to ADR Procedure Nos. 2 & 3 (panel mediation & private mediation) pursuant to Local Rule 16-15.4. The parties will discuss these options further, including with the Court as one does not foreclose the other.

**9. Other Issues Affecting Status or Management of Case**

The parties agree that there are no other issues affecting the status or management of this case at this time.

**10. Discovery Plan [Rule 26(f)]**

The parties anticipate propounding written discovery and taking depositions. The parties recognize and agree that such depositions may need to take place remotely. The parties may also issue third-party subpoenas.

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(e), the parties agree to accept service of all documents by email. For service on Defendants, documents shall be emailed to all of the following email addresses: nicolasjampol@dwt.com, jakefreed@dwt.com, rachelgoldberg@dwt.com, and samlachman@dwt.com. For service on Plaintiff, documents shall be emailed to: jischiller@bsfllp.com, leonard@bblegal.net, bmargulis@bsfllp.com, and grossman@bsfllp.com.

The parties set forth the following discovery plan pursuant to Federal Rule of Civil Procedure 26(f):

**a. Rule 26(f)(3)(A)**

The parties do not propose any changes to the form or requirements for disclosures under Rule 26(a). The parties will serve their initial disclosures on or before December 13, 2023.

      **b.**      **Rule 26(f)(3)(B)**

<u>Plaintiffs' position</u>: Plaintiffs seek discovery concerning Defendants' conception, development, and creation of *American Skin*. Plaintiffs seek discovery concerning the persons or entities involved in the reproduction, publication, distribution, public display, advertisement, sale, or other exploitation of *American Skin*. Plaintiffs seeks discovery concerning the revenues and profits received or expected to be received by Defendants from the use, sale, licensing, or other exploitation of *American Skin*. Plaintiffs seek discovery concerning Defendants' knowledge or awareness of Plaintiffs or *A Routine Stop*, including, but not limited to, how and when Defendants became aware of or obtained access to *A Routine Stop*. Plaintiffs will also seek documents from Defendants' partners, agents, and other representatives, if any, along with any writers, producers, financiers, and others who may have worked on or were involved with *American Skin*. Plaintiffs also intend to depose Defendants and any of Defendants' employees, agents, affiliates and/or representatives who worked on or were involved with *American Skin*. Moreover, Plaintiffs will seek additional discovery from third-party witnesses depending on information received through discovery. These anticipated topics and deponents are not complete at this time, and Plaintiffs expressly reserve the right to add or modify anticipated deponents and topics identified above.

<u>Defendants' position</u>: Defendants will seek discovery as to the writing, development, copyright registration, and any production and/or distribution of *A Routine Stop*. Defendants will seek discovery as to any revenues, expenses, profits attributable to *A Routine Stop* and any alleged damages suffered by Plaintiffs. Defendants will also seek discovery from Plaintiffs regarding Defendants and *American Skin*, including communications with parties and/or non-parties about these topics. Defendants will also seek documents from Plaintiffs' partners, agent, and other representatives, if any, along with any writers, producers, financiers, and others who may have worked on or were involved with *A Routine Stop*. Defendants

also intend to depose Plaintiffs and any other Plaintiff representatives and others who worked on or were involved with *A Routine Stop*. Defendants may seek additional discovery from third-party witnesses depending on information received through discovery. These anticipated topics and deponents are not complete at this time, and Defendants expressly reserve the right to add or modify anticipated deponents and topics identified above.

        **c.**    **Rule 26(f)(3)(C)**

<u>Plaintiffs' Position</u>: No issues at this time, with the exception of any issues arising from Plaintiffs' opposition to Defendants' motion to bifurcate these proceedings.

<u>Defendants' Position</u>: No issues at this time.

        **d.**    **Rule 26(f)(3)(D)**

<u>Plaintiffs' Position</u>: While Plaintiffs do not anticipate opposing the entry of a protective order, Plaintiffs nonetheless reserve the right to reject and/or oppose individual provisions of any draft protective order depending on the proposal presented.

<u>Defendants' Position</u>: Defendants anticipate needing a protective order to cover the disclosure of confidential materials.

        **e.**    **Rule 26(f)(3)(E)**

<u>Plaintiffs' Position</u>: Plaintiffs do not propose any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Central District Local Rules. As the Court is aware, Plaintiffs oppose Defendants' motion to bifurcate discovery and permit filing of successive summary judgment motions.

<u>Defendants' Position</u>: Defendants have moved to bifurcate discovery and propose that discovery initially proceed only on the issue of access, followed by summary judgment briefing on access. Defendants otherwise do not propose any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Central District Local Rules.

  **f.**  **Rule 26(f)(3)(F)**

Except as otherwise stated above, the parties do not request any other orders that should be entered by the Court under Rules 16(b)-(c) or 26(c) at this time.

  **11.**  **Scheduling – Proposed Dates**

The parties have differing proposals on scheduling, as follows:

<u>Plaintiffs' Proposal</u>:

Plaintiffs contend that it would be inappropriate and inefficient to bifurcate discovery. This is further demonstrated by Defendants' proposed bifurcated schedule, which calls for a four-month initial discovery period, followed by two months of summary judgment briefing, after which—assuming Defendants do not carry their heavy burden of showing no triable issues of material fact as to access—the parties would *still* need to undertake the "expansive fact discovery" Defendants fear. When Plaintiffs' counsel asked Defendants' counsel to justify their proposal, Defendants stated that, among other reasons, the parties must build in time to allow for resolution of discovery disputes. Counsel's response underscores the inefficiencies of their proposed bifurcated schedule.

Moreover, Defendants are incorrect that there is no need for expert discovery on the issue of access. If this Court does grant Defendants' motion to bifurcate these proceedings, it is not inconceivable that Plaintiffs, Defendants, or both will want to introduce evidence as to customs and practices in the entertainment industry in support of their arguments regarding access. Defendants are simply incorrect that bifurcated discovery is somehow easier or more efficient.

If the Court grants Defendants' Motion to Bifurcate, Plaintiffs propose the schedule set forth below:

| Event | Defendants' Proposal |
|---|---|
| Non-expert discovery cutoff (access) | February 27, 2024 |
| Expert discovery cutoff (access) | April 5, 2024 |
| Summary judgment deadline (access) | May 3, 2024 |

| Event | Defendants' Proposal |
|---|---|
| Summary judgment opposition (access) | May 24, 2024 |
| Summary judgment reply (access) | June 7, 2024 |
| Summary judgment hearing (access) | As set by the Court |

If the Court denies (as it should) Defendants' Motion to Bifurcate, Plaintiffs propose the schedule set forth in the attached worksheet. Plaintiffs, of course, disagree that the parties need an expansive schedule like the one proposed by Defendants.

Defendants' Proposal:

Defendants propose a bifurcated schedule, focusing first on access, and then (if necessary) on the balance of the issues in this case. Defendants propose that the Court issue a schedule on access only at this time, and then issue a supplemental schedule for the remainder of the case in the event the Court denies Defendants' anticipated summary judgment motion on access.

| Event | Defendants' Proposal |
|---|---|
| Non-expert discovery cutoff (access) | April 5, 2024 |
| Summary judgment deadline (access) | May 3, 2024 |
| Summary judgment opposition (access) | May 24, 2024 |
| Summary judgment reply (access) | June 7, 2024 |
| Summary judgment hearing (access) | As set by the Court |

If the Court denies Defendants' Motion to Bifurcate, Defendants propose the schedule set forth in the attached worksheet. Defendants reiterate that, absent bifurcation, this case will be costly and complex to litigate. The access issue is limited to discovery of several percipient witnesses and a limited time period, whereas materially more expansive fact discovery will be needed on the other issues in the case—including substantial similarity, independent creation, secondary liability, and damages. Significant expert discovery will be needed for the

Joint Rule 26(f) Report

9

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

substantial similarity inquiry, whereas no experts would be needed for the access issue. It is not realistic to conduct this voluminous discovery—including from three Plaintiffs, five Defendants, and numerous third parties—on a shorter schedule.

**12. Schedule Worksheet**

The parties submit a completed copy of the Worksheet, which is attached hereto.

DATED: December 1, 2023          Respectfully submitted,

                                      DAVIS WRIGHT TREMAINE LLP
                                      NICOLAS A. JAMPOL
                                      JOHN D. FREED
                                      RACHEL GOLDBERG
                                      SAMANTHA W. LACHMAN

                                      By: */s/John D. Freed*_____
                                              John D. Freed

                                      *Attorneys for Defendants*


                                      BOIES SCHILLER FLEXNER LLP
                                      JOSHUA I. SCHILLER
                                      BENJAMIN MARGULIS
                                      GINA ROSSMAN

                                      By: /s/ Joshua I. Schiller
                                              Joshua I. Schiller

                                      *Attorneys for Plaintiffs*

**ATTESTATION REGARDING FILING**

I am the CM/ECF filer of record being used to file the foregoing Joint Rule 26(f) Report. Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the content of this Report and have authorized its filing.

                                      */s/John D. Freed*_____
                                             John D. Freed

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2023, I electronically filed the foregoing **JOINT RULE 26(f) REPORT** with the Clerk of the Court using CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

                                                      /s/John D. Freed
                                                          John D. Freed

# SCHEDULE OF PRETRIAL & TRIAL DATES WORKSHEET

Case No. <u>22-cv-09021-DMG-PVC</u>    <u>Changing World Films LLC v. Parker</u>

| MATTER | PLAINTIFF PROPOSAL | DEFENDANT PROPOSAL | TIME |
|---|---|---|---|
| **TRIAL** [ ] Court [X] Jury Duration Estimate: | October 29, 2024[1] | March 25, 2025 | 8:30 a.m. |
| **FINAL PRETRIAL CONFERENCE ("FPTC")** 4 wks before trial | October 1, 2024 | February 25, 2025 | 2:00 p.m. |

| MATTER | TIME COMPUTATION | PLAINTIFF PROPOSAL | DEFENDANT PROPOSAL |
|---|---|---|---|
| Amended Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | 90 days after scheduling conf | March 15, 2024 | March 15, 2024 |
| Non-Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 14 wks before FPTC | June 14, 2024 | November 1, 2024 |
| Motion Cut-Off (filing deadline) | at least 13 wks before FPTC | June 28, 2024 | November 15, 2024 |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before FPTC | July 26, 2024 | December 17, 2024 |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before FPTC | August 23, 2024 | January 21, 2025 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 3 wks before FPTC | September 6, 2024 | February 4, 2025 |
| Settlement Conference Completion Date | at least 4 wks before FPTC | August 30, 2024 | January 28, 2025 |
| Motions in Limine Filing Deadline | at least 3 wks before FPTC | September 6, 2024 | February 4, 2025 |
| Opposition to Motion in Limine Filing Deadline | at least 2 wks before FPTC | September 13, 2024 | February 11, 2025 |
| Other Dates: (e.g., class cert motion cut-off, early mediation, etc.) | | | |

---

[1] Trials commence on Tuesdays. Final pretrial conferences are held on Tuesdays.

Joint Rule 26(f) Report

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566