UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-9021-DMG (PVCx) | Date | March 12, 2024 |
| Title | *Changing World Films LLC et al v. Nathaniel Parker, et al.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KELLY DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO BIFURCATE [39]**

This matter is before the Court on the Motion to Bifurcate filed by Defendants Nathaniel Parker; Tiny Giant Productions, LLC; ASP Film, LLC; TM Film Finance, LLC; and Vertical Entertainment, LLC. [Doc. # 39 (the "Motion").] The Motion is fully briefed. [Doc. ## 42 ("Opp"), 44 ("Reply").] For the reasons set forth below, the Motion to Bifurcate is **GRANTED**.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs (and brothers) Langston Shaw and Selton Shaw are screenwriters who own and operate Plaintiff Changing World Films LLC, an entertainment company. Compl. ¶¶ 2, 7. In 2017, Plaintiffs wrote a screenplay titled *A Routine Stop*, "which focused on police violence against Black men and women and the country's systemic indifference to it." *Id.* ¶ 2. In 2017, Plaintiffs submitted their screenplay to the TV One Screenplay Competition with the goal of having it produced into a feature film. *Id.* ¶ 3. They did not win the competition, and *A Routine Stop* never became a feature film. *Id.*

In 2019, Defendants premiered their film, *American Skin*, at the Venice Film Festival. *Id.* ¶ 4. Plaintiffs allege that *American Skin* has plot lines, characters, and themes substantially similar to those in *A Routine Stop*, and they allege that Defendants infringed on their copyright. On December 13, 2022, Plaintiffs filed a Complaint against Defendants alleging copyright infringement. [Doc. # 1.] The Court denied Defendants' motion to dismiss on September 12, 2023, and Defendants filed their Answers timely thereafter. [Doc. ## 34 ("MTD Ord."), 35–37.]

On October 20, 2023, Defendants filed the instant Motion, seeking to bifurcate discovery into two phases. They request that the Court order an initial phase solely on the issue of access, with all other discovery stayed pending further order of the Court, and to permit Defendants to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-9021-DMG (PVCx) | Date | March 12, 2024 |
| Title | *Changing World Films LLC et al v. Nathaniel Parker, et al.* | Page | 2 of 4 |

file an initial MSJ limited to this issue without prejudice to subsequent motions for summary judgment. Motion at 2.[1]

## II.
## LEGAL STANDARD

Under Federal Rule of Civil Procedure 42(b), the Court has broad discretion to bifurcate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." The court's power to bifurcate proceedings includes the "power to limit discovery to the segregated issues." *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970); *see also Drennan v. Maryland Cas. Co.*, 366 F. Supp. 2d 1002, 1006–07 (D. Nev. 2005) ("Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case."). It is the moving party's burden to demonstrate that bifurcation is likely to promote judicial efficiency. *See Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992).

After the court considers the benefits of bifurcation, it must also consider whether bifurcation would prejudice the opposing party. *See* Fed. R. Civ. P. 42(b); *Spectra-Physics Lasers, Inc.*, 114 F.R.D. at 101.

## III.
## DISCUSSION

The Court's MTD Order ruled that Plaintiffs had adequately alleged their "primary" theory of access—that Defendant Parker obtained the screenplay for *A Routine Stop* from Omari Hardwick. *See* MTD Order at 4. The Complaint alleges that Hardwick is a friend of Parker's, and was involved in the TV One Screenplay Competition. *Id.* The Complaint alleges two other theories: that another unknown individual connected with the TV One Screenplay Competition shared the screenplay, or that Parker obtained it at some time in the two years between Plaintiffs' submission to the competition and the 2019 premiere of *American Skin. See* Compl. ¶¶ 81.b, 81.c.

Based on this ruling, Defendants now argue that bifurcating the issue of access promotes efficiency as it is a "discrete and dispositive" issue. Motion at 10; *see also* Compl. ¶¶ 75–83 (allegations regarding access). They base that assertion on the following points: (1) that few

---

[1] All page citations herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-9021-DMG (PVCx) | Date | March 12, 2024 |
| Title | *Changing World Films LLC et al v. Nathaniel Parker, et al.* | Page | 3 of 4 |

fact witnesses are relevant to access; (2) that no expert discovery is needed; and (3) that litigation of all other issues can be avoided if Defendants prevail in Phase I. *See* Reply at 5.

As for the fact witnesses, this factor weighs in favor of Defendants. It is true that discovery regarding Defendant Parker and his *American Skin* screenplay will likely be relevant to both the issue of access as well as the issue of "substantial similarity." *See* Opp. at 12. Still, Parker is a Defendant in this case and will be actively involved in the litigation, and can be deposed twice if necessary. There is no dispute, however, that the other witnesses involved in the 2017 TV One Screenplay Competition will not be necessary for Phase II discovery. *See* Motion at 6.

If the case is resolved on a summary adjudication of the issue of access, it will save significant time and resources for both sides. There will be no expert discovery required for a Phase I on access. *See* Motion at 14. Plaintiffs adduce some copyright cases in which district courts rejected a motion to bifurcate the issue of "substantial similarity," but that issue implicates a much more subjective weighing of evidence than the issue of access. *See* Reply at 7 n.6 (citing *Gregorini v. Apple, Inc.*, No. CV 20-406-SSS (JCx), 2022 WL 4597419, at *1 (C.D. Cal. Aug. 26, 2022); *Hall v. Swift*, No. CV 17-6882-MFW (ASx), 2020 WL 13588315, at *1 (C.D. Cal. Nov. 13, 2020); *Parekh v. Tesfaye*, No. CV 21-7488-FLA (KESx), 2022 WL 17219077, at *1 (C.D. Cal. March 31, 2022)).

Finally, Plaintiffs have not put forth a compelling argument regarding prejudice. *See* Opp. at 9–10. As discussed above, their reliance on *Gregorini* is unpersuasive due to the nature of the "substantial similarity" test in copyright cases. Here, no such discovery is required and Plaintiffs do not point to any reason why the issue of access is not well-suited to resolution on a dispositive motion as opposed to by a jury. The Court concludes that any prejudice to Plaintiffs caused by the delay in proceedings is outweighed by the promotion of efficiency.[2]

This Court previously allowed bifurcation of a distinct issue in a copyright case on the discrete factual issue of ownership, on the basis that it could "save significant discovery expenses for all parties." *See* Ord. re Def.'s Mot. to Bifurcate at 3, *Firooz Zahedi v. Miramax, LLC, et al.*, No. CV 20-4512-MCS (Ex), 2021 WL 3260603 (C.D. Cal., Mar. 24, 2021), Doc. # 140.[3] Here, too, the Court believes that it serves judicial economy to do so.

---

[2] The Court is not unsympathetic to Plaintiffs' concerns about further delays in this case and admonishes the parties not to abuse this ruling by attempting to take discovery that exceeds the narrow scope of Phase I.

[3] This case was originally assigned to this Court before its transfer to Judge Scarsi on July 15, 2022. [Doc. # 199.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-9021-DMG (PVCx) | Date | March 12, 2024 |
| Title | *Changing World Films LLC et al v. Nathaniel Parker, et al.* | Page | 4 of 4 |

## IV.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' Motion to Bifurcate. By **March 22, 2024**, the parties shall file a stipulation or Joint Status Report setting forth their proposed deadlines for Phase I of the case, including the filing of a dispositive motion. If the parties cannot agree, the Court will impose a schedule which may not be to either side's liking. Additional pretrial and trial dates and deadlines shall be reset at a later date, if necessary, after the disposition of the issue of access.

**IT IS SO ORDERED.**