NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
SAMANTHA LACHMAN (State Bar No. 331969)
  samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

JOHN D. FREED (State Bar No. 261518)
  jakefreed@dwt.com
SARAH E. BURNS (State Bar No. 324446)
  sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 276-6500
Fax: (415) 276-6599

Attorneys for Defendants
NATHANIEL PARKER, TINY GIANT
PRODUCTIONS, LLC, ASP FILM, LLC,
TM FILM FINANCE, LLC, AND
VERTICAL ENTERTAINMENT, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANGING WORLD FILMS LLC, SELTON SHAW, and LANGSTON SHAW,<br><br>              Plaintiffs,<br><br>     vs.<br><br>NATHANIEL PARKER *a/k/a* NATE PARKER, TM FILM FINANCE LLC *d/b/a* TM FILMS, TINY GIANT PRODUCTIONS, LLC *d/b/a* TINY GIANT ENTERTAINMENT, VERTICAL ENTERTAINMENT, LLC, SHELTON JACKSON LEE *a/k/a* SPIKE LEE, and ASP FILM, LLC,<br><br>              Defendants. | Case No. 2:22-cv-09021-DMG-PVC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON ACCESS (PHASE I)**<br><br>Date:   January 7, 2025<br>Time:  2:00 p.m.<br>Dept.:  Courtroom 8C |

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ACCESS

**TO THE COURT, PLAINTIFFS, AND ALL PARTIES:**

PLEASE TAKE NOTICE that on January 7, 2025, at 2:00 p.m.[1] or as soon as may be heard in Courtroom 8C of the United States District Court for the Central District of California, 350 West 1st Street, Los Angeles, CA, 90012, defendants Nathaniel Parker, Tiny Giant Productions, LLC, ASP Film, LLC, TM Film Finance, LLC, and Vertical Entertainment, LLC (collectively, "Defendants") will and hereby move for an order pursuant to Federal Rule of Civil Procedure 56 granting summary judgment in favor of Defendants. This motion is made pursuant to the Court's March 12, 2024 Order Re: Defendants' Motion to Bifurcate, Dkt. 54, bifurcating the issue of access from the remainder of the case. The motion is made on the grounds that there is no genuine dispute as to any material fact regarding access and Defendants are entitled to judgment as a matter of law for the reasons stated below.

1. Defendants are entitled to judgment as a matter of law on Plaintiffs' claim for direct copyright infringement (Claim 1) because, based on the undisputed facts, Plaintiffs have not established that Defendants had access to the allegedly infringed work, a screenplay entitled *A Routine Stop* ("Screenplay").

2. Defendants are entitled to judgment as a matter of law on Plaintiffs' claims for vicarious and contributory copyright infringement (Claims 2 and 3) because Defendants are entitled to judgment on Plaintiffs' direct infringement claims, necessitating judgment on their secondary infringement claims as well.

This motion is based on this notice of motion, the attached memorandum of law, the concurrently lodged separate statement of uncontroverted facts and conclusions of law, the concurrently filed declarations of S.L. Duffy, Jody Drewer, Omari Hardwick, Ron Moskovitz, Jeff Friday, Nathaniel Parker, and Jake Freed, along with exhibits thereto, any matters of which this Court may take judicial

---

[1] The hearing is noticed for this date and time pursuant to the Court's Order Approving Stipulation Re: Phase I Schedule. *See* Dkts. 57, 64.

i

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ACCESS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

notice, all pleadings, files, and records in this action, and any such other argument as may be presented to the Court at the time of the hearing on this motion.

This motion is made pursuant to L.R. 7-3, as set forth in the Declaration of Jake Freed ("Freed Decl."). *See* Freed Decl. ¶ 2

DATED: November 5, 2024

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
JOHN D. FREED
SARAH E. BURNS
SAMANTHA LACHMAN

By: /s/ *John D. Freed*
　　　John D. Freed

Attorneys for Defendants
NATHANIEL PARKER, TINY GIANT PRODUCTIONS, LLC, ASP FILM, LLC, TM FILM FINANCE, LLC, AND VERTICAL ENTERTAINMENT, LLC

ii
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ACCESS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.  STATEMENT OF FACTS ................................................................................. 1

    A.   The Parties and Works at Issue ............................................................. 1

    B.   The 2017 TV One Screenplay Competition ......................................... 2

    C.   Plaintiffs' Submission to the 2017 Competition .................................. 4

    D.   The Results of the 2017 Competition ................................................... 5

    E.   Plaintiffs' Access Allegations and Lack of Supporting Evidence ....... 5

    F.   Procedural History ................................................................................. 6

III. PLAINTIFFS FAILED TO ESTABLISH ACCESS ....................................... 8

    A.   Plaintiffs Failed to Establish that Omari Hardwick Had Access to the Screenplay or Provided the Screenplay to Defendants. ........... 10

    B.   Plaintiffs Failed to Establish that Anyone Else Provided the Screenplay to Defendants. ................................................................... 13

    C.   Defendants Are Entitled to Summary Judgment on Plaintiffs' Secondary Liability Claims ................................................................. 13

IV.  CONCLUSION .................................................................................................. 13

iii

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ACCESS

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A&M Records, Inc. v. Napster*,
  239 F.3d 1004 (9th Cir. 2001) .................................................................................. 13

*Art Attacks Ink, LLC v. MGA Ent. Inc.*,
  581 F.3d 1138 (9th Cir. 2009) ....................................................................................9

*Bernal v. Paradigm Talent and Literary Agency*,
  788 F. Supp. 2d. 1043 (C.D. Cal. 2010) .................................................... 8, 9, 10

*Briggs v. Sony Pictures Ent., Inc.*,
  714 F. App'x 712 (9th Cir. 2018) ...............................................................................8

*Changing the World Films, LLC v. Parker*,
  No. 1:21-cv-02787-DLF (D.D.C. Oct. 20, 2021), Dkt. 1 .......................................6

*Gable v. NBC*,
  727 F. Supp. 2d 815 (C.D. Cal. 2010),
  *aff'd*, 438 F. App'x 587 (9th Cir. 2011)...................................................................8

*Loomis v. Cornish*,
  836 F.3d 991 (9th Cir. 2016) .......................................................................... 8, 10

*Meta–Film Assocs. v. MCA, Inc.*,
  586 F. Supp. 1346 (C.D. Cal 1984) ................................................................. 9, 10

*Nelson v. Pima Cmty. Coll.*,
  83 F.3d 1075 (9th Cir. 1996) .....................................................................................8

*Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*,
  952 F.3d 1051 (9th Cir. 2020) ...................................................................................8

iv
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ACCESS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# I. INTRODUCTION

After almost eight months of discovery solely on the issue of access, Plaintiffs have admitted they have no evidence that Defendants had access to their screenplay *A Routine Stop* (the "Screenplay"). Even worse, third-party discovery revealed that Plaintiffs had information showing their access allegations were false all along, but they pressed forward with the case anyway. And despite it being Plaintiffs' burden to demonstrate access, Defendants obtained multiple sworn declarations that fully disprove Plaintiffs' access allegations. This entire case was based on Plaintiffs' false and unsupported "hunch" that Defendants copied the Screenplay, but the undisputed evidence demonstrates that Plaintiffs have failed to establish access as a matter of law.

More specifically, Plaintiffs allege that they submitted the Screenplay to the 2017 TV One Screenplay Competition (the "2017 Competition"). They contend that the actor Omari Hardwick, who appeared in Defendants' film *American Skin*, served as a judge or scene-reader in the 2017 Competition and must have obtained the Screenplay in connection with these activities. But the evidence establishes that Mr. Hardwick did not participate in, and was not involved in, the 2017 Competition in any capacity. He did not review or obtain any screenplays, nor did he have the opportunity to review or obtain any screenplays. Plaintiffs do not have one shred of evidence suggesting otherwise, and certainly cannot create a disputed issue of material fact on access.

Plaintiffs have pressed forward with this case despite any evidence supporting their access allegations. Defendants respectfully request that the Court grant this motion and enter summary judgment for Defendants.

## II. STATEMENT OF FACTS

### A. The Parties and Works at Issue

Plaintiffs Selton and Langston Shaw allege that they write, direct, and produce films through their company, Plaintiff Changing the World Films LLC.

1
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ACCESS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Compl. ¶¶ 2, 7. Beginning in 2016, Selton Shaw wrote the Screenplay, which he completed early the following year. SUF 5.

Defendant Nathaniel "Nate" Parker wrote and directed the film *American Skin*. SUF 20. He also starred in the film, alongside actor Omari Hardwick. SUF 20, 26. The remaining Defendants are producers and the distributor of the film. SUF 21.

**B.     The 2017 TV One Screenplay Competition**

TV One is a Black culture and entertainment television network. SUF 30. It puts on an annual TV One Screenplay Competition, an event created to encourage aspiring Black film writers and to promote the production of engaging and relatable screenplays. SUF 31. This competition was developed by TV One for presentation at the American Black Film Festival ("ABFF"). SUF 32. ABFF Ventures LLC ("ABFFV") owns and produces the ABFF. SUF 33.

TV One announced the 2017 Competition on December 15, 2016. SUF 34. Submissions were accepted from December 15, 2016 through February 16, 2017. SUF 36. Approximately 450 entrants submitted screenplays to the 2017 Competition. SUF 37. The 2017 Competition proceeded in three rounds. SUF 45. In the first round, each of the screenplays was read, evaluated, and scored by one reader. *Id*.[2] In the second round, the ten screenplays with the highest scores from the first round were reviewed by a different set of readers. *Id*. From there, three finalists were chosen to proceed to the final round. *Id*.

ABFFV did not receive any screenplays submitted to the 2017 Competition, and was not involved in the review of screenplays submitted by entrants, in the selection of finalists or the judges, or in any other aspect of conducting the 2017 Competition. SUF 38. TV One maintained total control over the management of the 2017 Competition. SUF 35.

---

[2] Ron Moskovitz, who was a reader for the 2017 Competition, was paid $1,230 by TV One to review 29 screenplays, which amounts to about $42 per screenplay. SUF 51.

2
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ACCESS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

TV One contracted with third-party S.L. Duffy to serve as the 2017 Competition's project manager. SUF 39. Ms. Duffy managed the intake of entrants' screenplays and assigned judges to review and rate those screenplays. SUF 40. Ms. Duffy also distributed screenplays to their assigned readers. SUF 43. Entrants submitted screenplays to the 2017 Competition through an online application form that Ms. Duffy created. SUF 44. The applications and attached screenplays that entrants submitted through this form were transmitted to Ms. Duffy's email account. *Id*. Ms. Duffy then randomly assigned the screenplays to a reader. SUF 46. She was solely responsible for sending screenplays to readers; other than the ten screenplays that advanced past the first round, all of the other screenplays were only ever sent for purpose of review to the one reader to whom it was assigned. *Id*.

Ms. Duffy sent the screenplays to the readers by separately emailing each reader a unique link to a Dropbox containing only those submissions assigned to that particular reader. SUF 47. The Dropbox folders contained a zip file for each entrant, made up of a Contest Entry and Release Form, a script in PDF format and a scene selection in PDF format. *Id*. Each reader's Dropbox was separate, and readers did not have access to one another's Dropbox folders, such that each reader had access only to those scripts he or she had been assigned to evaluate. *Id*. After reviewing their assigned scripts, readers submitted scores and feedback for each script through an online form that Ms. Duffy created. *Id*. The form that Ms. Duffy created compiled the scores and feedback from the first round and generated a spreadsheet containing the compiled information. SUF 48.

Approximately fifteen individuals served as readers for the 2017 Competition. SUF 41. Each of the readers signed an independent contractor agreement with TV One, which included non-disclosure requirements prohibiting disclosure of entrants' submissions to unauthorized third parties. SUF 42. Omari

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ACCESS

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Hardwick was not one of the readers in any round of the 2017 Competition. SUF 75-76.

### C.  Plaintiffs' Submission to the 2017 Competition

On February 15, 2017, Selton Shaw submitted the Screenplay for consideration in the 2017 Competition. SUF 6. His submission consisted of an 84-page screenplay along with a 12-page excerpt. SUF 7. The 2017 Competition gave Mr. Shaw the option to pay $50 to receive feedback from the judge assigned to review the Screenplay. Mr. Shaw declined that opportunity. SUF 9.

The Screenplay was assigned by Ms. Duffy for evaluation by Ron Moskovitz, one of the first-round readers for the 2017 Competition. SUF 49-50. As part of his engagement, Mr. Moskovitz agreed that he "may not without TV ONE's express prior written consent disclose or supply any information to any third party regarding the scripts that are read" as part of the 2017 Competition. SUF 52. Mr. Moskovitz reviewed 29 screenplays as part of the 2017 Competition, including the Screenplay. SUF 51. Mr. Moskovitz recommended that TV One "pass" on the Screenplay because it was "amateurish." SUF 53-54. Because the Screenplay did not have one of the top 10 scores, it did not proceed to the second round of judging. SUF 45, 60. Mr. Moskovitz was the only reviewer of the Screenplay as part of the 2017 Competition. SUF 45-47, 50, 60. There is no evidence that, apart from Ms. Duffy and Mr. Moskovitz, anyone else from either TV One or ABFFV could access the Screenplay.

After submitting his feedback, Mr. Moskovitz deleted the entrants' screenplays from his computer, including the Screenplay. SUF 55-56. Mr. Moskovitz never sent the Screenplay to anyone and never communicated any details about the Screenplay to anyone, other than in his formal feedback form provided to Ms. Duffy. SUF 57-59.

4
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ACCESS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### D. The Results of the 2017 Competition

There were three finalists in the 2017 Competition: Timothy Folsome, Roni Brown, and Sade Sellers. SUF 65. As part of the 2017 ABFF, which took place in June 2017, scenes from the three finalists' scripts were performed by professional actors at a table read. SUF 66. This event was called "Celebrity Scene Stealers." *Id*. The actors who participated in the "Celebrity Scene Stealers" event were Nicole Ari Parker, Boris Kodjoe, Lance Gross, Lil Mama, Tami Roman, Tobias Truvillion, and Lisa Wu. SUF 67. This information regarding the actors who participated in the Celebrity Scene Stealers event has been accessible to the public on TV One's website since 2017. SUF 68. Omari Hardwick was not one of the actors who participated in this event. SUF 69.

Two days later, the Grand Prize winner of the 2017 Competition was announced at an ABFF Filmmaker Ceremony. SUF 70. The Screenplay, having been eliminated from the competition in the first round, was not featured in any way as part of the 2017 ABFF. SUF 45, 60, 65-68, 70.

### E. Plaintiffs' Access Allegations and Lack of Supporting Evidence

Despite information about the 2017 Competition being available online, including specific details about the finalists and the actors who read out scenes from the finalists' submissions, Plaintiffs alleged that Omari Hardwick was "involved in the 2017 TV One Screenplay Competition" and "was one of the actors who played out scenes from entries in the 2017 TV One Screenplay Competition." Compl. ¶¶ 80, 81. Plaintiffs allege that Mr. Hardwick then "either provided or acted out the screenplay Plaintiffs submitted for *A Routine Stop* to Defendant Parker." *Id.* ¶ 81.

Asked in interrogatories to provide the facts supporting their access allegations, Plaintiffs responded only that "Omari Hardwick (who starred in Defendants' film) has close connections with the ABFF and was a judge at the [2017] Competition and further direct[ed] Defendants to the language of the Complaint." SUF 83. Third-party discovery revealed that Plaintiffs' counsel

5
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ACCESS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

contacted TV One prior to filing this suit, to ask whether Mr. Parker or Mr. Hardwick could have obtained the Screenplay through the 2017 Competition. SUF 80. TV One responded that it conducted internal research and had no records suggesting either Mr. Parker or Mr. Hardwick had obtained the Screenplay. *Id*. In addition, as mentioned above, information about the actors who read out the finalists' submissions has been easily accessible online for years. SUF 68.

At his deposition, Selton Shaw testified that he believed Mr. Hardwick obtained the Screenplay in connection with the 2017 Competition and there was no other channel through which Defendants could have accessed the Screenplay. SUF 14-16.[3] Mr. Shaw testified that he had no evidence that Mr. Parker accessed the Screenplay beyond his belief that *American Skin* copied the Screenplay. SUF 15. After Mr. Shaw's deposition, Mr. Hardwick provided a copy of his summary judgment declaration to Plaintiffs' counsel and sat for an informal interview with Plaintiffs' counsel. SUF 81-82. Mr. Hardwick confirmed in that interview that he never read, saw, or obtained the Screenplay. *Id*. Defendants also obtained declarations from TV One, ABFFV, Ms. Duffy, and Mr. Moskovitz, which fully disprove Plaintiffs' access allegations.

**F.    Procedural History**

More than three years ago, on October 20, 2021, Plaintiffs filed a complaint for direct, contributory, and vicarious copyright infringement in the United States District Court for the District of Columbia. *Changing the World Films, LLC v. Parker*, No. 1:21-cv-02787-DLF (D.D.C. Oct. 20, 2021) (the "D.C. Lawsuit"), Dkt. 1. On April 29, 2022, Plaintiffs filed a first amended complaint. D.C. Lawsuit, Dkt. 29. On May 27, 2022, Defendants moved to dismiss Plaintiffs' first amended

---

[3] Plaintiffs' Complaint also speculates that perhaps Defendants obtained the screenplay from some other unidentified source "connected with the 2017 TV One Screenplay Competition or the ABFF" or "through another [unspecified] channel." *Id*. ¶¶ 81(b)-(c). Plaintiffs' interrogatory responses and Mr. Shaw's deposition testimony make it clear that their access allegations rely on Mr. Hardwick's alleged transmission of the Screenplay to Mr. Parker.

6
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ACCESS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). D.C. Lawsuit, Dkt. 41. The court granted the motion to dismiss on December 2, 2022, on the grounds that it lacked personal jurisdiction over any defendant. D.C. Lawsuit, Dkt. 48. The court did not address Defendants' other bases for dismissal. *Id.* at 1.

Plaintiffs filed this action on December 13, 2022. Compl., Dkt. 1. The Complaint asserts claims for direct copyright infringement (Compl. ¶¶ 88-93) and contributory and vicarious copyright infringement. *Id*. ¶¶ 94-111.

Defendants moved to dismiss the Complaint for failure to state a claim. Dkt. 20. The Court denied the motion to dismiss on September 12, 2023. Dkt. 34. Relevant to this motion, the Court found Plaintiffs had plausibly alleged one theory of access, that Omari Hardwick obtained or acted out the Screenplay during the 2017 Competition and transmitted it to Mr. Parker. *Id*. at 4-6.

Defendants then sought to bifurcate this case to focus on the threshold and potentially dispositive issue of access. Dkt. 39. The Court granted Defendants' bifurcation motion on March 12, 2024, reasoning that "[i]f the case is resolved on a summary adjudication on the issue of access, it will save time and resources for both sides." Dkt. 54 at 3. Subsequently, this Court set a schedule for Phase I proceedings, limiting discovery to "the issue of access." Dkt. 57.

The parties thereafter conducted Phase I discovery. Plaintiffs conducted no discovery beyond serving Defendants with document requests. SUF 84. They did not notice Mr. Parker's deposition. *Id*. And they did not serve subpoenas on TV One, ABFFV, or Mr. Hardwick. *Id*.[4] Defendants, on the other hand, served document requests and interrogatories, issued subpoenas to TV One and ABFFV,

---

[4] The only subpoena that Plaintiffs served during Phase I discovery (to Defendants' knowledge) was on Avan Hardwell, the plaintiff in a separate copyright-infringement lawsuit relating to *American Skin*. SUF 86. Plaintiffs sought documents from Mr. Hardwell relating to "the terms and conditions for the settlement and/or dismissal" of Mr. Hardwell's litigation. *Id*. This subpoena violated the Court's order directing the parties to focus their discovery on the access issue. Dkts. 54, 57.

7
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ACCESS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and deposed Selton Shaw and the corporate Plaintiff, Changing the World Films, LLC. SUF 85. In exchange for agreeing not to depose Langston Shaw, the parties stipulated that he would not submit testimony as part of Phase I. Dkt. 68.

### III. PLAINTIFFS FAILED TO ESTABLISH ACCESS

To support a claim of copyright infringement "in the absence of direct evidence of copying," a plaintiff must "show[] that the defendant had access to the plaintiff's work," among other things. *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020). Access "may not be inferred through mere speculation or conjecture," but rather must be based on "significant, affirmative and probative evidence." *Bernal v. Paradigm Talent and Literary Agency*, 788 F. Supp. 2d 1043, 1053-54 (C.D. Cal. 2010) (citations omitted); *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("mere allegation and speculation do not create a factual dispute for purposes of summary judgment"); *Briggs v. Sony Pictures Ent., Inc.*, 714 F. App'x 712, 713-714 (9th Cir. 2018) (plaintiff's "speculations about access did not raise a triable dispute"); *Gable v. NBC*, 727 F. Supp. 2d 815, 828 (C.D. Cal. 2010) ("this connection is far too attenuated and speculative to support an inference of access."), *aff'd*, 438 F. App'x 587 (9th Cir. 2011).

"Where there is no direct evidence of access, circumstantial evidence can be used to prove access either by (1) establishing *a chain of events* linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated." *Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016) (emphasis added). Because the Screenplay was never published, Plaintiffs rely on an alleged chain of events linking the Screenplay to Defendants. Compl. ¶ 81; *see also* Plaintiffs' Opposition to Defendants' Motion to Dismiss, Dkt. 23 at 7 ("Plaintiffs have alleged a plausible chain of events based on Defendants' connections to TV One and ABFF.").

8
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ACCESS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

To establish access through a chain of events, "a plaintiff must show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." *Art Attacks Ink, LLC v. MGA Ent. Inc*., 581 F.3d 1138, 1143 (9th Cir. 2009). A reasonable possibility of access may be established through a third-party intermediary if the nexus between the defendant and the intermediary is sufficiently strong. *Meta–Film Assocs. v. MCA, Inc*., 586 F. Supp. 1346, 1355 (C.D. Cal 1984). The intermediary must be someone who was "in a position to transmit the plaintiff's work to the creators of the infringing work." *Bernal*, 788 F. Supp. 2d at 1056 (citing *Meta-Film*, 586 F. Supp. at 1355-56).

Courts routinely reject copyright claims where the alleged chain of events involving an intermediary is tenuous. For example, in *Meta-Film*, the plaintiff submitted a screenplay for "Frat Rats" to a director, John Badham. *Id*. at 1352. Badham had a contract with Universal and an office at the studio. *Id*. He thought the script was "terrible" and testified that he did not share it with any studio executives when they would meet to discuss another film he was directing. *Id*. at 1352-53. Around the same time, Universal executives expressed interest in a treatment for what became *Animal House*. *Id*. at 1353-54. After reviewing this "chain of hypothetical transmittals," the district court concluded that plaintiff's proof was inadequate. *Id*. at 1355. Indeed, the plaintiff's "hypothetical scenario" was "not supported by a shred of evidence," because Badham "had no connection with the Treatment" for *Animal House*. *Id*.

Similarly, in *Bernal*, the plaintiff claimed that the television show *Desperate Housewives* copied her screenplay, *Homeless*. *Bernal*, 788 F. Supp. 2d at 1049. She sent the screenplay to a talent agent, Andrew Ruf. *Id*. Ruf worked for the same company as another agent, Andrew Patman, who represented Marc Cherry, the creator of *Desperate Housewives*. *Id*. The court reasoned that the plaintiff "ha[d] not shown that either Patman or Cherry had any direct access to *Homeless*, but

9
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ACCESS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

rather speculates that they could have received access through Ruf." *Id*. at 1056. The evidence that "cut against a finding of access" included the following:

> Plaintiff submitted her work to Ruf at Paradigm. Ruf is not Cherry's agent, and there is no evidence that Ruf had any contact with Cherry. Further, there is no evidence that Ruf had any supervisory responsibility for *Desperate Housewives* or any involvement with the creation of the series at any time.

*Id*. at 1057. "In light of the agents' undisputed testimony that, in fact, they never worked together on *Desperate Housewives* or anything else," plaintiff's allegations "amount[ed] to nothing more than pure speculation." *Id*. at 1058. The court thus granted the agency's motion for summary judgment, concluding that "Plaintiff has not presented more than a scintilla of evidence to support her theory that Defendants had a reasonable possibility of access to *Homeless*. Even crediting that Ruf may have received *Homeless*, there is nothing in Ruf's and Patman's relationship to indicate, beyond pure speculation, that Ruf passed the *Homeless* script onto Patman and/or Cherry." *Id*.

The alleged chain of events here is even more tenuous than in *Meta-Film* or *Bernal* because, unlike in those cases, the supposed intermediary himself, Omari Hardwick, never had access to the allegedly infringed work. *See also Loomis*, 836 F.3d at 996 ("[T]here is no evidence of a nexus between [the alleged intermediary] and the [defendants] that would be sufficient to raise a triable issue of access.").

## A. Plaintiffs Failed to Establish that Omari Hardwick Had Access to the Screenplay or Provided the Screenplay to Defendants.

Plaintiffs' primary access theory—and the sole ground on which they survived Defendants' Motion to Dismiss—is that Omari Hardwick, "star of *American Skin* and friend to [Nate] Parker, was involved in the 2017 TV One Screenplay Competition and either provided or acted out the screenplay Plaintiffs submitted for *A Routine Stop* to Defendant Parker." Compl. ¶ 81(a); Dkt. 1. In the Complaint, Plaintiffs allege that Mr. Hardwick's role in the 2017 Competition was to "play[] out scenes from entries." *Id*. ¶ 80. In their interrogatory responses,

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ACCESS

10

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiffs went further and falsely contended, under penalty of perjury, that Mr. Hardwick was a "judge" at the 2017 Competition. SUF 83.

In reality, Mr. Hardwick was not involved in the 2017 Competition in any manner whatsoever. He was not a reader for the competition. SUF 75. S.L. Duffy (who managed the entrants' submissions to the 2017 Competition) and Ron Moskovitz (the sole reviewer of the Screenplay in the 2017 Competition) were the only two individuals affiliated with the 2017 Competition who handled the Screenplay. SUF 39-63. But neither one shared the Screenplay with Mr. Hardwick or anyone else. SUF 57-59, 61-63. The Screenplay did not make it to the second round of judging in 2017 Competition, so no judge other than Mr. Moskovitz ever reviewed it. SUF 45, 53-54, 60. Mr. Moskovitz deleted the Screenplay from his computer after he submitted his feedback to Ms. Duffy. SUF 55.

Nor was Mr. Hardwick was one of the actors who participated in the "Celebrity Stene Stealers" table read event at the June 2017 ABFF. SUF 67-69. Regardless, this event featured only the three finalists in the 2017 Competition—***not*** the Screenplay, which had been eliminated from contention months earlier. SUF 60, 64-66. Ultimately, no one affiliated with ABFF, TV One, or the 2017 Competition ever provided any information about the Screenplay to Mr. Hardwick. SUF 72-74.

Mr. Hardwick himself confirms that he never received the Screenplay (or information about the Screenplay) and never saw the Screenplay acted out by others. SUF 76-77. He further confirms that he did not transmit the Screenplay, or information about it, to any Defendant. SUF 78. After Mr. Hardwick finalized his Declaration he provided it to Plaintiffs' counsel and sat for a voluntary interview about his anticipated testimony. SUF 82. Plaintiffs' counsel questioned him about the Screenplay, and he confirmed the accuracy of his testimony. *Id.* Moreover, Plaintiffs could have easily determined that Mr. Hardwick was not one of the actors

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

reading out scenes because the list of participating actors has been listed online since 2017. SUF 68.

Plaintiffs' evidence consists of nothing more than their unsupported belief that Defendants obtained the Screenplay in connection with the 2017 Competition. Selton Shaw testified that he "believes" Mr. Hardwick played some role in the 2017 Competition because Mr. Hardwick judged "similar" competitions in the past and has some unspecified "relationship" with TV One and ABFF. SUF 14, 17. And he testified that Defendants must have had access to the Screenplay because he believes the works are similar. SUF 15. These subjective beliefs do not support Plaintiffs' allegations regarding access and they certainly do not create a disputed material fact on the issue.

Plaintiffs have long known that their TV One theory is unsupported. They contacted TV One *in early 2022* to gather evidence that TV One had been a conduit of their Screenplay to Defendants. TV One told them then, in no uncertain terms, that it searched for—and could not find—any evidence that Mr. Parker or Mr. Hardwick obtained the Screenplay through TV One. SUF 80. Plaintiffs also alleged—and continue to allege—that Mr. Hardwick was a judge of the 2017 Competition and acted out scenes from submitted screenplays despite easily accessible information online disproving those allegations. SUF 68.

The evidence is now clear: Plaintiffs never distributed their Screenplay outside of their immediate family other than the 2017 Competition. There is no evidence that the Screenplay leaked out of the 2017 Competition, or that Omari Hardwick, Nate Parker, or any other Defendant obtained a copy. Plaintiffs disregarded all of this evidence and proceeded with almost three years of litigation anyway. Defendants respectfully request that the Court bring this case to an end and grant summary judgment to Defendants.

12
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ACCESS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### B. Plaintiffs Failed to Establish that Anyone Else Provided the Screenplay to Defendants.

Plaintiffs' Complaint also speculates that, in the alternative, Defendants may have received the Screenplay through some unidentified "individual connected with the 2017 [] Competition or the ABFF" or through "another [unidentified] channel." Compl. ¶¶ 81(b)-(c). But Selton Shaw testified that he does not believe there is any other channel through which Defendants could have accessed the Screenplay, other than the 2017 Competition. SUF 16. Plaintiffs' verified interrogatory responses disclose no information regarding these allegations. SUF 83. And Defendants' evidence, discussed above, confirms that the Screenplay did not leak out of the 2017 Competition. Selton Shaw otherwise confirmed that Plaintiffs did not submit the Screenplay to any other contests and that he shared the Screenplay with only two individuals—his wife and his brother, co-Plaintiff Langston Shaw—neither of whom transmitted it to Defendants. SUF 11, 18. Without any evidence supporting any alternative theories of access, they cannot survive summary judgment.

### C. Defendants Are Entitled to Summary Judgment on Plaintiffs' Secondary Liability Claims

Plaintiffs' claims for secondary infringement fail along with their claim for direct infringement. *A&M Records, Inc. v. Napster*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001). Accordingly, Defendants are entitled to summary judgment on Plaintiffs' second and third claims for contributory and vicarious liability.

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion for summary judgment.

13
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ACCESS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | | |
|---|---|---|
| 1 | DATED: November 5, 2024 | D**AVIS** W**RIGHT** T**REMAINE** LLP<br>NICOLAS A. JAMPOL<br>JOHN D. FREED<br>SARAH E. BURNS<br>SAMANTHA LACHMAN |
| | | By: /s/ *John D. Freed*<br>      John D. Freed |
| | | Attorneys for Defendants<br>NATHANIEL PARKER, TINY GIANT PRODUCTIONS, LLC, ASP FILM, LLC, TM FILM FINANCE, LLC, AND VERTICAL ENTERTAINMENT, LLC |

14
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ACCESS

D**AVIS** W**RIGHT** T**REMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## WORD COUNT CERTIFICATION

The undersigned, counsel of record for Defendants, certifies that this brief contains 4,155 words, which complies with the word limit of L.R. 11-6.1.

DATED: November 5, 2024

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
JOHN D. FREED
SARAH E. BURNS
SAMANTHA LACHMAN

By: /s/ *John D. Freed*
  John D. Freed

Attorneys for Defendants
NATHANIEL PARKER, TINY GIANT PRODUCTIONS, LLC, ASP FILM, LLC, TM FILM FINANCE, LLC, AND VERTICAL ENTERTAINMENT, LLC

15
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ACCESS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899