NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
SAMANTHA LACHMAN (State Bar No. 331969)
  samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

JOHN D. FREED (State Bar No. 261518)
  jakefreed@dwt.com
SARAH E. BURNS (State Bar No. 324446)
  sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 276-6500
Fax: (415) 276-6599

Attorneys for Defendants
NATHANIEL PARKER, TINY GIANT
PRODUCTIONS, LLC, ASP FILM, LLC,
TM FILM FINANCE, LLC, AND
VERTICAL ENTERTAINMENT, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANGING WORLD FILMS LLC, SELTON SHAW, and LANGSTON SHAW,<br><br>Plaintiffs,<br><br>vs.<br><br>NATHANIEL PARKER *a/k/a* NATE PARKER, TM FILM FINANCE LLC *d/b/a* TM FILMS, TINY GIANT PRODUCTIONS, LLC *d/b/a* TINY GIANT ENTERTAINMENT, VERTICAL ENTERTAINMENT, LLC, SHELTON JACKSON LEE *a/k/a* SPIKE LEE, and ASP FILM, LLC,<br><br>Defendants. | Case No. 2:22-cv-09021-DMG-PVC<br><br>**STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: January 7, 2025<br>Time: 2:00 p.m.<br>Dept.: Courtroom 8C |

DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56-1, defendants Nathaniel Parker, Tiny Giant Productions, LLC, ASP Film, LLC, TM Film Finance, LLC, and Vertical Entertainment, LLC (collectively, "Defendants") submit the following Statement of Uncontroverted Facts in Support of their Motion for Summary Judgment ("Motion"), together with references to supporting evidence, presently set for hearing on January 7, 2025 at 2:00 p.m.

The evidentiary citations herein are made to declarations filed concurrently with Defendants' Motion.[1]

## UNCONTROVERTED FACTS

| **Undisputed Fact** | **Evidence** |
|---|---|
| **Plaintiffs and *A Routine Stop*** | |
| 1. Selton Shaw is a film creator, director, writer, and producer. | Freed Decl., Ex. 4 (Shaw Dep.) at 14:23-25. |
| 2. Selton Shaw and Langston Shaw write, direct, and produce films through their company, Changing the World Films LLC. | Freed Decl., Ex. 4 (Shaw Dep.) at 17:12-24, 18:12-18, 18:22-25. |
| 3. Changing the World Films LLC has no employees other than Selton Shaw and Langston Shaw. | Freed Decl., Ex. 4 (Shaw Dep.) at 18:3-7. |
| 4. Selton Shaw wrote *A Routine Stop* (the "Screenplay"). | Freed Decl., Ex. 4 (Shaw Dep.) at 19:1-15. |
| 5. Selton Shaw began writing the Screenplay in 2016 and finished it in 2017. | Freed Decl., Ex. 4 (Shaw Dep.) at 20:6-9. |

---

[1] These are the concurrently filed Declarations of Jake Freed ("Freed Decl."), Omari Hardwick ("Hardwick Decl."), Ron Moskovitz ("Moskovitz Decl."), Jody Drewer ("Drewer Decl."), S.L. Duffy ("Duffy Decl."), Nathaniel Parker ("Parker Decl."), and Jeff Friday ("Friday Decl.").

2
DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | | |
|---|---|---|
| 6. | On February 15, 2017, Selton Shaw submitted the Screenplay for consideration in the 2017 TV One Screenplay Competition ("2017 Competition"). | Freed Decl., Ex. 4 (Shaw Dep.) at 24:1-3; 27:17-21; Drewer Decl. ¶¶ 2, 4; Duffy Decl. ¶ 5. |
| 7. | Selton Shaw submitted the 84-page Screenplay along with a 12-page excerpt of the Screenplay. | Freed Decl., Ex. 4 (Shaw Dep.) at 25:20-25; Drewer Decl. ¶ 4, Ex. 2; Duffy Decl. ¶ 5. |
| 8. | The logline of the Screenplay is "When a cop isn't charged in the shooting death of an unarmed black man, the victim's brother takes the law into his own hands." | Drewer Decl. ¶ 4, Ex. 2. |
| 9. | Mr. Shaw did not pay $50 to receive a copy of the reader's feedback on his submission. | Freed Decl., Ex. 4 (Shaw Dep.) at 25:1-6; Drewer Decl. ¶ 4. |
| 10. | The Screenplay was not selected as one of the three finalists in the 2017 Competition. | Compl., Dkt. 1 ¶ 42; Duffy Decl. ¶¶ 13, 15; Moskovitz ¶ 9, Ex. C. |
| 11. | Selton Shaw did not submit the Screenplay to any other competitions. | Freed Decl., Ex. 4 (Shaw Dep.) at 24:10-12, 85:18-22. |
| 12. | Selton Shaw has never met any of the Defendants in this action or communicated with any of them. | Freed Decl., Ex. 4 (Shaw Dep.) at 32:5-9, 33:2-24, 34:3-25. |
| 13. | No one told Selton Shaw that Omari Hardwick was a judge at the 2017 Competition. | Freed Decl., Ex. 4 (Shaw Dep.) at 44:17-20. |
| 14. | Selton Shaw "believes" Mr. Hardwick played some role in the 2017 Competition because Mr. Hardwick judged "similar" competitions in the past and has a "relationship" with TV One and ABFF. | Freed Decl., Ex. 4 (Shaw Dep.) at 36:9-16; 38:15-39:9; 39:20-40:14. |
| 15. | The basis for Selton Shaw's purported knowledge that someone affiliated with TV One or ABFF transmitted information about the Screenplay to any | Freed Decl., Ex. 4 (Shaw Dep.) at 46:7-20; 67:8-20. |

3
DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | | |
|---|---|---|
| | Defendant is his belief that "his film" was produced. | |
| 16. | Selton Shaw does not believe there is any other channel through which Defendants could have accessed the Screenplay, other than the 2017 Competition. | Freed Decl., Ex. 4 (Shaw Dep.) at 47:20-23. |
| 17. | Selton Shaw does not possess any knowledge that Defendants accessed the Screenplay either through TV One or ABFF, other than that Omari Hardwick allegedly had close connections with ABFF and was allegedly a judge at the 2017 Competition. | Freed Decl., Ex. 4 (Shaw Dep.) at 80:5-16. |
| 18. | Selton Shaw did not transmit the Screenplay to anyone other than the TV One competition, his wife, and his brother, prior to 2019, when *American Skin* had its premiere. | Freed Decl., Ex. 4 (Shaw Dep.) at 47:12-16, 48:4-10, 84:23-85:3. |
| 19. | Selton Shaw does not believe any Defendant other than Nathaniel Parker had direct access to the Screenplay. | Freed Decl., Ex. 4 (Shaw Dep.) at 50:17-51:3. |
| **Nathaniel Parker and *American Skin*** | | |
| 20. | Nathaniel Parker wrote, directed, and starred in *American Skin*. | Parker Decl. ¶ 3. |
| 21. | The other Defendants (Tiny Giant Productions, LLC, ASP Film, LLC, TM Film Finance, LLC, and Vertical Entertainment, LLC) are producers and the distributor of the film. | Compl. ¶¶ 12-14, 16; Defendants' Answers, Dkts. 35-37. |
| 22. | Nathaniel Parker came up for the story for *American Skin* based on his longstanding interest in the issue of police shootings of unarmed Black men. His desire to develop a film based on this subject crystallized in the wake of the 2014 police shooting of Michael Brown in Ferguson, Missouri. | Parker Decl. ¶ 4. |

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | | |
|---|---|---|
| 23. | Plaintiffs have never met Nathaniel Parker, nor have they ever communicated with him. | Parker Decl. ¶ 5; Freed Decl., Ex. 4 (Shaw Dep.) at 32:5-9. |
| 24. | No individual affiliated with TV One or the American Black Film Festival transmitted the Screenplay to Nathaniel Parker. | Parker Decl. ¶ 6; Duffy Decl. ¶¶ 13-14; Drewer Decl. ¶ 12. |
| 25. | Nathaniel Parker did not receive the Screenplay or details about the Screenplay from any other third party. | Parker Decl. ¶ 6; Duffy Decl. ¶¶ 13-14; Drewer Decl. ¶ 12. |
| 26. | Omari Hardwick played Omar "Derwood" Scott in *American Skin*. | Hardwick Decl. ¶ 3. |
| 27. | Omari Hardwick did not act out or provide the Screenplay to Nathaniel Parker. | Parker Decl. ¶ 7; Duffy Decl. ¶ 16; Drewer Decl. ¶ 8, 10-11; Hardwick Decl. ¶ 6. |
| 28. | Nathaniel Parker emailed Omari Hardwick an advanced draft of *American Skin* on March 28, 2019, stating "Here it is. I'm acting in this one as LINC. Need a King to ride with me as DERWOOD. Lots to do here." The draft was dated March 21, 2019. | Parker Decl. ¶ 8, Exs. A, B. |
| 29. | Omari Hardwick did not make creative contributions to the screenplay for *American Skin*, nor did he have any supervisory authority over its content. | Parker Decl. ¶ 9. |
| **The TV One Screenplay Competition** | | |
| 30. | TV One is a Black culture and entertainment television network. | Drewer Decl. ¶ 1. |
| 31. | TV One put on the TV One Screenplay Competition, an event created to encourage aspiring Black film writers and to promote the production of engaging and relatable screenplays. | Drewer Decl. ¶ 2. |
| 32. | The TV One Screenplay Competition was developed by TV One for presentation at the | Drewer Decl. ¶ 2; Friday Decl. ¶ 3. |

5
DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | | |
|---|---|---|
| | American Black Film Festival ("ABFF"). | |
| 33. | ABFF Ventures LLC ("ABFFV") owns and produces the ABFF. | Friday Decl. ¶ 1. |
| 34. | On December 15, 2016, TV One announced the 2017 Competition. | Drewer Decl. ¶ 2, Ex. 1. |
| 35. | TV One maintained total control over management of the 2017 Competition. | Friday Decl. ¶¶ 3-5, 8. |
| 36. | TV One accepted submissions to the 2017 Competition from December 16, 2016 through February 16, 2017. | Drewer Decl. ¶¶ 2-3, Ex. 1. |
| 37. | Approximately 450 entrants submitted screenplays to the 2017 Competition. | Drewer Decl. ¶ 3; Friday Decl. ¶ 5, Ex. A; Duffy Decl. ¶ 4. |
| 38. | ABFFV was not involved in the review of screenplays submitted by entrants, in the selection of finalists or the readers, or in any other aspect of conducting the 2017 Competition. | Friday Decl. ¶¶ 3, 8. |
| 39. | TV One contracted with third-party S.L. Duffy to assist with the 2017 Competition as a project manager. | Duffy Decl. ¶ 2; Drewer Decl. ¶ 5. |
| 40. | Ms. Duffy was responsible for managing the intake of entrants' screenplays and assigning readers to review and rate those screenplays. | Drewer Decl. ¶ 5; Duffy Decl. ¶ 3. |
| 41. | TV One contracted with approximately fifteen individuals to serve as readers for the 2017 Competition. | Duffy Decl. ¶ 3; Drewer Decl. ¶ 5. |
| 42. | Each of the readers for the 2017 Competition signed an independent contractor agreement with TV One, which included non-disclosure requirements prohibiting disclosure of entrants' submissions to unauthorized third parties. | Duffy Decl. ¶ 3; Drewer Decl. ¶ 5. |

6
DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | | |
|---|---|---|
| 43. | Ms. Duffy coordinated the judging of the 2017 Competition and was responsible for distributing entrants' screenplays to their assigned readers. | Drewer Decl. ¶ 6, Ex. 3; Duffy Decl. ¶ 4; Moskovitz Decl. ¶ 5. |
| 44. | Entrants submitted screenplays to the 2017 Competition through an online application form that S.L. Duffy created. The form worked such that applications and attached screenplays that entrants submitted through it were transmitted to her email address. | Duffy Decl. ¶ 4; Friday Decl. ¶ 5. |
| 45. | The 2017 Competition proceeded in three rounds. In the first round, each of the screenplays was read, evaluated, and scored by just one reader. In the second round, the ten screenplays with the highest scores from the first round were reviewed by a different set of readers. From there, three finalists were chosen to proceed to the final round. | Duffy Decl. ¶ 6. |
| 46. | S.L. Duffy randomly assigned each of the screenplays she received for the 2017 Competition to a reader. She was solely responsible for sending screenplays to readers; other than the ten screenplays that advanced past the first round, all of the other screenplays were only ever sent for purpose of review to the one reader to whom it was assigned. | Duffy Decl. ¶ 7; Moskovitz Decl. ¶ 6. |
| 47. | S.L. Duffy sent the screenplays to the 2017 Competition readers by separately emailing each reader a unique link to a Dropbox containing only those submissions assigned to that particular reader. The Dropbox folders contained a zip file for each entrant, made up of a Contest Entry and Release Form, a script in PDF format and a scene selection in PDF format. Each reader's Dropbox was separate, and readers did not have access to one another's Dropbox folders, such that each reader had | Duffy Decl. ¶ 8; Moskovitz Decl. ¶ 7. |

7
DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | | |
|---|---|---|
| | access only to those scripts he or she had been assigned to evaluate. After reviewing their assigned scripts, readers submitted scores and feedback for each script through an online form that Ms. Duffy created. | |
| 48. | The form that S.L. Duffy created compiled the scores and feedback from the first round and generated a spreadsheet. | Duffy Decl. ¶ 9, Ex. A; Moskovitz Decl. ¶ 9, Ex. C.[2] |
| 49. | Ron Moskovitz was one of the readers for the 2017 Competition. | Drewer Decl. ¶ 7; Duffy Decl. ¶ 9, Ex. A; Moskovitz Decl. ¶ 2, Ex. A. |
| 50. | Plaintiffs' Screenplay was assigned to Ron Moskovitz. | Duffy Decl. ¶¶ 9-12, Ex. C; Moskovitz Decl. ¶¶ 6, 8. |
| 51. | On March 2, 2017, Ron Moskovitz sent an invoice to S.L. Duffy, charging TV One a total of $1,230.00 to review 29 screenplays, including *A Routine Stop*. | Duffy Decl. ¶ 12, Ex. C. |
| 52. | Mr. Moskovitz agreed that he "may not without TV ONE's express prior written consent disclose or supply any information to any third party regarding the scripts that are read" as part of the 2017 Competition. | Drewer Decl. ¶ 7, Ex. 4; Duffy Decl. ¶ 12, Ex. B; Moskovitz Decl. ¶ 2, Ex. A. |
| 53. | Mr. Moskovitz provided feedback on the Screenplay. He recommended that TV One "pass" on the Screenplay. | Duffy Decl. ¶¶ 10-11; Moskovitz Decl. ¶¶ 8-9, Ex. C at 191-92. |

---

[2] Exhibit A to Ms. Duffy's declaration and Exhibit C to Mr. Moskovitz's declaration are excerpts of this spreadsheet that reference Plaintiffs' Screenplay. Because of the size of this document (over 500 pages) and privacy issues associated with the 2017 Competition's other contestants, Defendants submit only the excerpted portions relating to Plaintiffs and the Screenplay. Defendants will submit the entire spreadsheet to the Court, redacted to protect third-party privacy, should the Court request it.

8
DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | | |
|---|---|---|
| 54. | Mr. Moskovitz wrote the following about the Screenplay: "[O]verall, it doesn't work.  The problem isn't the idea so much as it's the execution.  This is a very flat, talky script … [t]he script puts itself in a position of having to give us a lot of flat, expositional scenes.  And while the trial has some nice urgency, a lot of the scenes in the police station are just people sitting around and talking.  The characters can't do anything to affect the main action of the story, so those scenes (and there are lots of them) just lie there."  He also wrote that "the overall execution is amateurish and doesn't exploit the concept well." | Duffy Decl. ¶¶ 9-11; Moskovitz Decl. ¶ 9, Ex. C at 191-92. |
| 55. | Mr. Moskovitz deleted the 2017 Competition entrants' screenplays from his computer after he submitted his feedback. | Moskovitz Decl. ¶ 7. |
| 56. | Mr. Moskovitz does not have a copy of the Screenplay. | Moskovitz Decl. ¶ 8. |
| 57. | Mr. Moskovitz has never met or communicated with Omari Hardwick. | Moskovitz Decl. ¶ 4. |
| 58. | Mr. Moskovitz has never met or communicated with Nathaniel Parker. | Moskovitz Decl. ¶ 4. |
| 59. | Mr. Moskovitz never sent the Screenplay to anyone and never communicated any details about the Screenplay to anyone other than in his feedback form.  In other words, Mr. Moskovitz followed the confidentiality obligations to TV One as set forth in his independent contractor agreement. | Moskovitz Decl. ¶¶ 2, 10, Ex. A. |
| 60. | Plaintiffs' Screenplay was not among the top ten scoring screenplays from the first round. | Duffy Decl. ¶ 9, Ex. A; Moskovitz Decl. ¶ 9, Ex. C at 191. |

9
DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | | |
|---|---|---|
| 61. | S.L. Duffy did not share the Screenplay with anyone outside of TV One, other than Ron Moskovitz. | Duffy Decl. ¶ 13. |
| 62. | S.L. Duffy did not share with Screenplay with Omari Hardwick. | Duffy Decl. ¶ 14; Hardwick Decl. ¶¶ 5-6. |
| 63. | S.L. Duffy did not share with Screenplay with Nathaniel Parker. | Duffy Decl. ¶ 14. |
| 64. | S.L. Duffy informed TV One and ABFF that the three finalists had been selected on April 3, 2017. | Drewer Decl. ¶ 8, Ex. 5; Duffy Decl. ¶ 15. |
| 65. | The three finalists in the 2017 Competition were Timothy Folsome, Roni Brown, and Sade Sellers. | Drewer Decl. ¶ 8, Ex. 6; Duffy Decl. ¶ 15. |
| 66. | Scenes from the three 2017 Competition finalists' scripts were performed by professional actors at a table read event in front of a live audience on June 16, 2017. This event was called "Celebrity Scene Stealers." | Drewer Decl. ¶¶ 9, 10; Duffy Decl. ¶ 15. |
| 67. | The actors who participated in the "Celebrity Scene Stealers" event were Nicole Ari Parker, Boris Kodjoe, Lance Gross, Lil Mama, Tami Roman, Tobias Truvillion, and Lisa Wu. | Drewer Decl. ¶ 10, Ex. 8; Duffy Decl. ¶ 16. |
| 68. | Information regarding the 2017 Competition "Celebrity Scene Stealers" event has been available online from 2017 to the present. | Freed Decl., Ex. 4 (Shaw Dep.) at 52:17-53:7; Drewer Decl. ¶ 10, Exs. 7-8. |
| 69. | Omari Hardwick was not one of the actors who participated in the "Celebrity Scene Stealers" event. | Drewer Decl. ¶ 11; Duffy Decl. ¶ 16; Hardwick Decl. ¶ 5. |
| 70. | The Grand Prize winner was then announced at an ABFF Filmmaker Ceremony on June 18, 2017 and received a $5,000 cash prize. | Drewer Decl. ¶¶ 2, 9; Friday Decl. ¶ 4. |

10
DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | |
|---|---|
| 71. Omari Hardwick was invited to attend that TV One awards presentation at the ABFF as a guest. | Drewer Decl. ¶ 11. |
| 72. No person at TV One sent Omari Hardwick a copy of any screenplay submitted to the 2017 Competition—including the Screenplay—or otherwise shared the details of any such screenplay with him. | Duffy Decl. ¶ 14; Hardwick Decl. ¶¶ 5-6. |
| 73. Omari Hardwick did not have the ability to receive or view the submissions to the 2017 Competition because he was not a reader for the Competition and had no role of any kind evaluating entrants' screenplays. | Drewer Decl. ¶ 11; Duffy Decl. ¶ 14. |
| 74. Nobody connected with the ABFF ever provided any information about the Screenplay to Omari Hardwick. | Hardwick Decl. ¶ 6; Drewer Decl. ¶ 11. |
| 75. Omari Hardwick did not serve as a reader for the 2017 Competition. | Drewer Decl. ¶ 11; Duffy Decl. ¶ 14; Hardwick Decl. ¶ 5. |
| 76. Omari Hardwick did not obtain, possess, or read the Screenplay, or any portion thereof. | Duffy Decl. ¶ 14; Hardwick Decl. ¶ 6; Drewer Decl. ¶ 11. |
| 77. Omari Hardwick never saw any portion of the Screenplay acted out by others. | Hardwick Decl. ¶ 6. |
| 78. Omari Hardwick did not transmit the Screenplay, or any information about the Screenplay, to Nathaniel Parker or any other Defendant. | Hardwick Decl. ¶ 6. |
| 79. Nathaniel Parker did not have access to any submissions to the 2017 Competition. | Drewer Decl. ¶ 12; Duffy Decl. ¶ 14. |
| 80. Counsel for Plaintiffs contacted TV One on March 24, 2022 to inquire about the possibility that Nathaniel Parker or Omari Hardwick obtained the Screenplay via the 2017 Competition. TV One informed Plaintiffs' counsel that it could find | Drewer Decl. ¶ 14. |

11
DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | | |
|---|---|---|
| | no agreements or communications confirming that Omari Hardwick or Nathaniel Parker had access to the Screenplay. | |
| 81. | Counsel for Omari Hardwick corresponded with Plaintiffs' counsel in July and August 2024, and informed Plaintiffs' counsel that he was not involved in the 2017 Competition. | Hardwick Decl. ¶ 9. |
| 82. | In October 2024, Omari Hardwick voluntarily responded to questions from Plaintiffs' counsel during a Zoom call, including questions about his summary judgment declaration in this case. Mr. Hardwick confirmed the facts in his declaration. | Hardwick Decl. ¶ 10. |
| 83. | Asked in interrogatories to provide facts supporting their access allegations, Plaintiffs responded on May 10, 2024 that "Omari Hardwick (who starred in Defendants' film) has close connections with the ABFF and was a judge at the [2017] Competition" and further directed Defendants to the language of the Complaint. Plaintiff Selton Shaw verified the responses. | Freed Decl. ¶ 3, Ex. 2. |
| 84. | Plaintiffs served Requests for Production to Defendants. But Plaintiffs did not notice a deposition for Defendant Nate Parker and did not serve subpoenas on TV One, ABFFV, or Omari Hardwick. | Freed Decl. ¶¶ 4-6. |
| 85. | Defendants served document requests and interrogatories on Plaintiffs, issued subpoenas to TV One and ABFFV, and deposed Selton Shaw and the corporate Plaintiff, Changing the World Films, LLC | Freed Decl. ¶ 7. |
| 86. | Plaintiffs served a subpoena on June 27, 2024 to Avan Hardwell, who | Freed Decl. ¶ 8. |

12
DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | |
|---|---|
| voluntarily dismissed his case against Defendants on August 24, 2023. *See Avan Hardwell v. Nathaniel Parker et al.*, Case No. 2:23-cv-02478-DMG-PVC, Dkt. 16. The subpoena sought documents from Mr. Hardwell relating to "the terms and conditions for the settlement and/or dismissal" of Mr. Hardwell's litigation. | |

# CONCLUSIONS OF LAW

## A.  The Summary Judgment Standard

1. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy[,] and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

2. Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

3. Once the moving party shows it is entitled to summary judgment, the burden shifts to the non-moving party to establish genuine issues exist as to material facts. *Celotex*, 477 U.S. at 324. "The 'party opposing summary judgment must direct [the court's] attention to specific, triable facts'", *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1058 (9th Cir. 2009) (quoting *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003) (alteration in original)), and "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted).

13
DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### B. Defendants Are Entitled to Summary Judgment on Plaintiff's Claims

1. Proof of direct copyright infringement requires the plaintiff to show that (1) he owns a valid copyright; and (2) defendants copied protected aspects of the work. *See Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020). The second prong has two distinct components: "'copying'" and "'unlawful appropriation.'" *Id.* (quoting *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018), *overruled on other grounds by Skidmore*).

2. "In the absence of direct evidence," copying can be proven by showing "'that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying.'" *Id*.

### C. Plaintiffs Failed to Establish Access as a Matter of Law.

1. Absent direct evidence of copying, a copyright plaintiff must show the defendant had access to the allegedly infringed work. *Loomis v. Cornish*, 836 F.3d 991, 994–95 (9th Cir. 2016). "Where there is no direct evidence of access, circumstantial evidence can be used to prove access either by (1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated." *Id.* at 995 (internal quotation marks and citation omitted).

2. The burden is on the plaintiff to establish access, and summary judgment is appropriate where the plaintiff does not come forward with "significant, affirmative and probative evidence" to substantiate either widespread dissemination or direct access. *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1054 (C.D. Cal. 2010) (internal quotation marks and citation omitted).

3. The alleged intermediary between the Screenplay and Defendants, Omari Hardwick, had no involvement in the 2017 Competition. He was not a reader or a judge for the competition. No one affiliated with the 2017 Competition shared the Screenplay with him. And he was not one of the actors who participated in the "Celebrity Scene Stealers" table read event. Ultimately, no one affiliated

14
DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

with ABFF, TV One, or the 2017 Competition ever provided any information about the Screenplay to Mr. Hardwick. Plaintiffs have no evidence that Defendants obtained the Screenplay through the 2017 Competition.

4. Based on the undisputed facts, each of the Defendants is entitled to summary judgment as to all of Plaintiffs' claims because Plaintiffs fail to establish a chain of events linking their Screenplay to Defendants.

### D. Defendants Are Entitled to Summary Judgment on Plaintiffs' Secondary Liability Claims.

1. Because Plaintiffs cannot establish direct infringement by any Defendant, their claims for secondary infringement necessarily fail against all Defendants. *A&M Recs., Inc. v. Napster*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001).

2. As a result, Defendants are entitled to summary judgment on Plaintiffs' secondary infringement claims separate and apart from their entitlement to judgment on Plaintiffs' direct infringement claims.

DATED: November 5, 2024

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
JOHN D. FREED
SARAH E. BURNS
SAMANTHA LACHMAN

By: /s/ *John D. Freed*
JOHN D. FREED

Attorneys for Defendants
NATHANIEL PARKER, TINY GIANT PRODUCTIONS, LLC, ASP FILM, LLC, TM FILM FINANCE, LLC, AND VERTICAL ENTERTAINMENT, LLC

15
DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899