Joshua I. Schiller (CA Bar No. 330653)
jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel: (415) 293-6800
Fax: (415) 293-6899

Benjamin Margulis (admitted *pro hac vice*)
bmargulis@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Tel: (212) 446-2300
Fax: (212) 446-2350

Gina A. Rossman (admitted *pro hac vice*)
grossman@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, D.C. 20005
Tel: (202) 237-2727
Fax: (202) 237-6131

Leonard Bennett (admitted *pro hac vice*)
leonard@bblegal.net
**BENNETT & BENNETT LAW GROUP, LLC**
5000 Sunnyside Avenue, No. 101
Beltsville, MD 20705
Tel: (240) 398-3140
Fax: (240) 398-3140

*Attorneys for Plaintiffs
Changing World Films LLC, Selton Shaw, and Langston Shaw*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANGING WORLD FILMS LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATHANIEL PARKER, et al., <br><br> Defendants. | Case No. 22-cv-09021-DMG-PVC <br><br> **DECLARATION OF GINA A. ROSSMAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ACCESS (PHASE I)** |

**DECLARATION OF GINA A. ROSSMAN**

I, Gina A. Rossman, declare and state as follows:

1. I am an attorney admitted to practice in the District of Columbia, and I am admitted *pro hac vice* in this case. I am an associate at Boies Schiller Flexner LLP ("BSF"), counsel for Plaintiffs Changing World Films LLC, Selton Shaw, and Langston Shaw ("Plaintiffs"). I submit this declaration in support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment on Access (Phase I). I have personal knowledge of the facts stated herein, and could and would testify competently thereto if called as a witness in this matter.

2. Defendants served their objections and responses to Plaintiffs' First Set of Requests for Production ("RFPs") in December 2023. They did not, however, make their first production of documents until June 28, 2024. Defendants delayed in making their production despite Plaintiffs' repeated requests for a production to facilitate discovery.

3. Defendants' initial production included seven total documents. They did not produce any text messages to or from Nate Parker concerning *American Skin*, even though Plaintiffs' RFPs defined "document" to "have the broadest meaning possible," to include "text messages."

4. Defendants also delayed the production of documents they received from third parties, specifically documents from TV One. These documents were covered by Plaintiffs' RFP No. 37, which called for "[a]ll documents relating to Plaintiffs, Plaintiffs' Work, and/or This Matter, including, without limitation, all communications by, between, or on behalf of any of the Defendants relating to Plaintiffs, Plaintiffs' Work, and/or This Matter."

5. On August 27, 2024, Plaintiffs' counsel had a phone call with Corinne Kirkland-Mercedes, TV One's Director of Legal and Business Affairs. She informed Plaintiffs' counsel that TV One had made an initial production to Defendants some

weeks before. Defendants had not told us about TV One's production despite our previous requests that they let us know when the production would be ready.

6. On August 28, 2024, Plaintiffs' counsel emailed Defendants to again request that they produce the documents received by TV One. Defendants did not produce these documents until September 11, 2024.

7. In that same August 28, 2024 email, Plaintiffs also reiterated their request that Defendants produce a privilege log and explain their process for document production. But Defendants rejected Plaintiffs' request, and would not agree to run additional search terms to supplement their production.

8. Plaintiffs ultimately sought court intervention before Magistrate Judge Castillo on September 9, 2024.

9. After the telephonic conference with Magistrate Judge Castillo, Defendants agreed to consider running additional search terms and manually reviewing those documents for the supplementation of their production. Defendants withdrew their offer just one week later. They claimed that Plaintiffs had "wasted a week by delaying in making a proposal."

10. Defendants have not supplemented their production with any text messages or other communications with Omari Hardwick to date.

11. Further, Defendants have repeatedly claimed that information relating to Nate Parker's creation and development of *American Skin* is outside the scope of Phase I discovery. In response, Plaintiffs explained that information on how Mr. Parker's screenplay was created and/or how his creative process was influenced goes directly towards the issue of access (or the lack thereof). Defendants did not move off this position despite multiple meet-and-confers.

12. Plaintiffs opted not to take Mr. Parker's deposition because Defendants' refusal to supplement their production combined with their narrow

1  view on Phase I discovery meant that any deposition of Mr. Parker would be
2  unjustifiably limited.
3      I declare under penalty of perjury under the laws of the United States of
4  America that the foregoing is true and correct.
5      Executed on this 26th day of November, 2024, at Washington, District of
6  Columbia.

          */s/ Gina A. Rossman*
          GINA A. ROSSMAN