NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
SAMANTHA LACHMAN (State Bar No. 331969)
  samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071-3487
Telephone: (213) 633-6800
Fax: (213) 633-6899

JOHN D. FREED (State Bar No. 261518)
  jakefreed@dwt.com
SARAH E. BURNS (State Bar No. 324446)
  sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 276-6500
Fax: (415) 276-6599

Attorneys for Defendants
NATHANIEL PARKER, TINY GIANT
PRODUCTIONS, LLC, ASP FILM, LLC,
TM FILM FINANCE, LLC, AND
VERTICAL ENTERTAINMENT, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANGING WORLD FILMS LLC, SELTON SHAW, and LANGSTON SHAW,<br><br>Plaintiffs,<br><br>vs.<br><br>NATHANIEL PARKER *a/k/a* NATE PARKER, TM FILM FINANCE LLC *d/b/a* TM FILMS, TINY GIANT PRODUCTIONS, LLC *d/b/a* TINY GIANT ENTERTAINMENT, VERTICAL ENTERTAINMENT, LLC, SHELTON JACKSON LEE *a/k/a* SPIKE LEE, and ASP FILM, LLC,<br><br>Defendants. | Case No. 2:22-cv-09021-DMG-PVC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON ACCESS (PHASE I)**<br><br>Date: January 10, 2025<br>Time: 2:00 p.m.<br>Dept.: Courtroom 8C |

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................. 1

II. PLAINTIFFS FAILED TO ESTABLISH ACCESS .................................... 1

    A. Only Two Individuals Unrelated to Defendants Received the Screenplay as Part of the 2017 Competition ......................................... 2

    B. Omari Hardwick Had No Involvement With the 2017 Competition ................................................................................................. 4

    C. Plaintiffs' Intermediary Liability Cases Are Inapplicable ................... 6

    D. Plaintiffs' Discovery Complaints Are Irrelevant, Untimely, and False ..................................................................................................... 8

    E. Plaintiffs Failed to Establish that Anyone Else Provided the Screenplay to Defendants. .................................................................. 10

    F. Plaintiffs' Argument About Mr. Parker's Declaration Is a Non-Sequitur. ................................................................................................ 10

    G. Defendants Are Entitled to Summary Judgment on Plaintiffs' Secondary Liability Claims ................................................................ 11

III. CONCLUSION .................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bernal v. Paradigm Talent and Literary Agency*,
   788 F. Supp. 2d 1043 (C.D. Cal. 2010) ............................................................ 2, 5

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ................................................................................................8

*Far Out Prods. v. Oskar*,
   247 F.3d 986 (9th Cir. 2001) ............................................................................. 11

*Gasaway v. Nw. Mut. Life Ins. Co.*,
   25 F.3d 957 (9th Cir. 1994) ...................................................................................8

*Gums v. Oakland Unified School Dist.*,
   2003 WL 716240 (N.D. Cal. Feb. 24, 2003) .........................................................9

*Kamar Int'l, Inc. v. Russ Berrie & Co.*,
   657 F.2d 1059 (9th Cir. 1981) ...............................................................................7

*Kaseberg v. Conaco, LLC*,
   260 F. Supp. 3d 1229 (S.D. Cal. 2017) .................................................................7

*Kennedy v. Applause, Inc.*,
   90 F.3d 1477 (9th Cir.1996) ..................................................................................3

*Nelson v. Pima Cmty. Coll.*,
   83 F.3d 1075 (9th Cir. 1996) .................................................................................4

*Soremekun v Thrifty Payless, Inc.*,
   509 F.3d 978 (9th Cir. 2007) .................................................................................5

*Three Boys Music Corp. v. Bolton*,
   212 F.3d 477 (9th Cir. 2000), *overruled on other grounds* by
   *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*,
   952 F.3d 1051 (9th Cir. 2020) ...............................................................................1

*Wilson v. Walt Disney Co.*,
   123 F. Supp. 3d 1172 (N.D. Cal. 2015) ........................................................... 7, 8

## I.     INTRODUCTION

Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (the "Motion") confirms they never had any evidence that Defendants had access to Plaintiffs' Screenplay. Plaintiffs do not dispute the vast majority of Defendants' evidence, including sworn declarations from every key witness, demonstrating that neither Defendants nor actor Omari Hardwick had any ability or opportunity to access the Screenplay. Instead, Plaintiffs maintain that Mr. Hardwick *must have* had access to the Screenplay without one shred of evidence supporting that allegation. But unsupported hunches are not sufficient to survive summary judgment.

The undisputed evidence demonstrates that (a) only two individuals affiliated with the 2017 TV One Screenplay Competition reviewed Plaintiffs' Screenplay, which did not make it beyond the first round of judging; (b) those individuals did not disseminate Plaintiffs' Screenplay to anybody else; (c) the Screenplay was not read aloud or performed by anybody during the 2017 Competition; and, most importantly, (d) Mr. Hardwick had no involvement or affiliation with the 2017 Competition in any manner whatsoever. Plaintiffs' only arguments involve an inadmissible statement by one witness that their records were "disorganized" and a manufactured, untimely discovery dispute that has no bearing on the merits of this Motion. These arguments do not create a triable issue as to access.

The Opposition reveals that this case was never based on anything more than Plaintiffs' speculation that Mr. Hardwick accessed their Screenplay and gave it to Mr. Parker. Plaintiffs have long known there was no evidence supporting this theory, yet they forced Defendants to litigate through summary judgment anyway. The Court should grant the Motion and enter judgment for Defendants.

## II.    PLAINTIFFS FAILED TO ESTABLISH ACCESS

As Plaintiffs acknowledge, to establish access through a chain of events, there must be more than a "bare possibility" that the alleged infringer had the chance to

view the protected work. Opp. at 12 (quoting *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000), *overruled on other grounds* by *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020)). When a plaintiff seeks to establish access through a third-party intermediary, as Plaintiffs do here, the intermediary must be someone who was "in a position to transmit the plaintiff's work to the creators of the infringing work." *Bernal v. Paradigm Talent and Literary Agency*, 788 F. Supp. 2d 1043, 1056 (C.D. Cal. 2010).

Plaintiffs survived Defendants' Motion to Dismiss on the theory that Mr. Hardwick "was involved in the 2017 TV One Screenplay Competition and either provided or acted out the screenplay Plaintiffs submitted for A Routine Stop to Defendant Parker." ECF 1 (Compl.) ¶ 81(a). In the Complaint, Plaintiffs alleged that Mr. Hardwick's role in the 2017 Competition was to "play[] out scenes from entries," *id.* ¶ 80, despite contrary evidence then existing in the public domain. In their interrogatory responses, Plaintiffs claimed, under penalty of perjury, that Mr. Hardwick was a "judge" at the 2017 Competition. SUF 83. Neither of these allegations were true, and Plaintiffs knew they were untrue. They have presented nothing more on summary judgment.

**A. Only Two Individuals Unrelated to Defendants Received the Screenplay as Part of the 2017 Competition**

Defendants established that only two people involved with the 2017 Competition ever possessed the Screenplay. The first is S.L. Duffy, who coordinated the 2017 Competition. She received the Screenplay after Plaintiff Selton Shaw submitted it through an online submission form. SUF 6, 44. The second is Ron Moskovitz, who Ms. Duffy randomly assigned as the Screenplay's reader, to assess whether the Screenplay should proceed to the next round. SUF 46. Ms. Duffy sent the Screenplay to Mr. Moskovitz through a Dropbox only Mr. Moskovitz had access to. SUF 47. Ms. Duffy never sent the Screenplay to anyone else. SUF 46-47, 61.

Mr. Moskovitz signed an agreement stating that he "may not without TV ONE's express prior written consent disclose or supply any information to any third party regarding the scripts that are read" as part of the 2017 Competition. SUF 52. He reviewed the Screenplay, found it "amateurish," and recommended that TV One "pass" on it. SUF 53-54. He provided his feedback on the Screenplay and then deleted it from his computer. SUF 55-56. Mr. Moskovitz never sent the Screenplay to anyone and never communicated any details about the Screenplay to anyone, other than in his formal feedback form provided to Ms. Duffy. SUF 57-59.

And that was it. Because the Screenplay did not have one of the top ten scores, it did not proceed to the second round of judging. SUF 45, 60. It also was not acted out at the "Celebrity Scene Stealers" event at the end of the 2017 Competition; only the three finalists' screenplays were. *Id.* ABFFV did not receive any screenplays submitted to the 2017 Competition, and was not involved in the review of screenplays, selection of finalists or the judges, or any other aspect of conducting the 2017 Competition. SUF 38. There is no evidence anyone else from either TV One or ABFFV had access to the Screenplay, much less read it.

Plaintiffs do not dispute any of the above with admissible evidence. Instead, they rely on unsupported and inadmissible factual contentions by their counsel, which must be disregarded. *Cf. Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996) (self-serving uncorroborated testimony does not create a genuine issue of material fact). *See* Defendants' Evidentiary Objections to Declarations of Josh Schiller and Gina Rossman. But even if those contentions were admissible, it would make no difference.

In particular, Plaintiffs' counsel testifies that, during a phone conversation in 2022, a TV One representative told him that "TV One's records concerning the 2017 Competition were disorganized and potentially incomplete." *See* SUF Response ¶¶ 24-25, 27, 41-42, 46, 61-63, 72-79 (all citing Schiller Decl. ¶ 3). This hearsay statement is not sufficient to raise an issue of material fact because it does

3
REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON ACCESS

not actually contradict Defendants' evidence, or provide any affirmative evidence that Defendants had access. *See e.g.*, *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("mere allegation and speculation do not create a factual dispute for purposes of summary judgment"). In contrast, Defendants' arguments are supported by declarations from multiple witnesses in addition to TV One, including Omari Hardwick, S.L. Duffy, Ron Moskovitz, and Mr. Parker. *See* SUF ¶¶ 24-25, 27, 41-42, 46, 61-63, 72-79. Plaintiffs' counsel's testimony about TV One's records says nothing about the testimony from these other witnesses.

Nor is there any equivalence between an offhand remark on a telephone call (paraphrased by an attorney years after the event) and TV One's actual testimony in this case. In response to Defendants' formal subpoena, TV One submitted a sworn declaration testifying that, at the direction of its counsel, it conducted "an extensive search of [its] documentary records of the 2017 Competition" which "yielded no evidence" to show that "any screenplay submitted to the 2017 Competition—including the Screenplay—had been shared with any unauthorized third party, including Mr. Hardwick." Drewer Decl. ¶ 11. TV One's Declaration provided extensive additional detail about the 2017 Competition, including documentary records of the Competition. *See id.* ¶¶ 1-15 & Exs. 1-9. Plaintiffs offer no evidence disputing either the exhaustive nature of TV One's document collection process or the factual statements made by TV One's witness, or otherwise suggesting that contrary evidence in fact exists in TV One's records.

Plaintiffs do not offer a scintilla of evidence that Ms. Duffy or Mr. Moskovitz disseminated the Screenplay to anybody else—or that anyone other than those two individuals possessed the Screenplay as part of the 2017 Competition—foreclosing their unsupported arguments regarding access.

**B.    Omari Hardwick Had No Involvement With the 2017 Competition**

Defendants also showed there is no evidence Omari Hardwick had any connection to the 2017 Competition at all. SUF 72-78. He was not one of the

4
REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON ACCESS

actors who participated in "Celebrity Scene Stealers." SUF 69. He did not review or obtain any screenplays from the 2017 Competition, nor did he have an opportunity to review or obtain any screenplays. SUF 81-82. Mr. Hardwick otherwise never read, saw, or obtained the Screenplay. SUF 76-77.

Discovery confirmed Mr. Hardwick was neither a judge of the 2017 Competition nor an actor who "played out scenes from entries," which undercuts Plaintiffs' entire theory of access.[1] Plaintiffs only attempt to challenge one of Defendants' facts—*i.e.*, that "no one told Selton Shaw that Omari Hardwick was a judge at the 2017 Competition" (SUF 13)—with lawyer testimony that a TV One representative stated on the phone that "she believed there was a connection between TV One and Nate Parker or Omari Hardwick." *See* SUF Response ¶ 13 (citing Schiller Decl. ¶ 4). Plaintiffs provide no foundation for this statement; it is hearsay; and it is entirely vague, offering no explanation for which of Mr. Parker or Mr. Hardwick supposedly had the connection, what that connection was, or when they were so connected. *Cf. Bernal*, 788 F. Supp. 2d. at 1053-54 (Access "may not be inferred through mere speculation or conjecture," but rather must be based on "significant, affirmative and probative evidence").

Moreover, whether the TV One corporate entity had some undefined "connection" to Mr. Parker or Mr. Hardwick at some undefined point in time says nothing about whether either was involved in the 2017 TV One Screenplay Competition, which is how Plaintiffs claim Defendants accessed the Screenplay. Conclusory allegations, based solely on uncorroborated speculation, cannot defeat summary judgment. *See Soremekun v Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th

---

[1] In fact, discovery was entirely unnecessary to prove Mr. Hardwick did not participate in the Celebrity Scene Stealers event. Plaintiffs do not dispute that information has been publicly available online since 2017, SUF 68, or that this litigation is predicated on allegations rendered demonstrably false by this longstanding public information.

5
REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON ACCESS

Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment.").[2]

Relying on speculation alone, Plaintiffs contend that any conceivable connection between Mr. Hardwick and the ABFF, no matter how attenuated or hypothetical, "establishes a reasonable opportunity for access." Opp. at 13. Specifically, Plaintiffs argue that Mr. Hardwick "has previously been involved in competitions for the ABFF"; was "invited by the ABFF to attend the TV One Awards Presentation at the June 2017 ABFF as a guest"; that ABFF had a connection with TV One; that TV One put on the 2017 Competition; and that therefore, Mr. Hardwick had access to the Screenplay. *Id.*

But Plaintiffs do not specify which previous ABFF competitions Mr. Hardwick was supposedly involved with, or explain why involvement with these unspecified competitions says anything about the only competition that matters here: the 2017 Competition. Plaintiffs do not argue that Mr. Hardwick actually attended the TV One Awards Presentation at the June 2017 ABFF, let alone explain how attendance at this ceremony could have given him access to the Screenplay. And they say nothing about how this collection of disparate "facts" could result in Defendants' access to the Screenplay. Because that conclusion is wholly speculative, it fails as a matter of law. Mot. at 10-13.

## C. Plaintiffs' Intermediary Liability Cases Are Inapplicable

Plaintiffs make an attempt to distinguish Defendants' cases on the ground that, in those cases, the alleged third-party intermediary "had no connection" to the allegedly infringing work, whereas here, "it is undisputed that the third-party

---

[2] In any event, Plaintiffs appear to offer this testimony only to show they had a good-faith factual basis to file suit, not to dispute any facts on the question of access. They rely on this testimony to rebut a single fact (SUF 13) about *Selton Shaw's* knowledge. And they do not even rebut that fact successfully, because Mr. Shaw *admitted* the subject fact—*i.e.*, nobody told him Omari Hardwick had been a judge in the 2017 Competition—in his deposition. Whether someone told him Mr. Hardwick had a general "connection" to the TV One entity is beside the point.

6
REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON ACCESS

intermediary (Omari Hardwick) starred in Defendants' Film." Opp. at 14. This argument fails on two grounds:

***First***, as discussed above, Plaintiffs have provided no evidence whatsoever to show that Mr. Hardwick had any connection to the 2017 Competition, let alone that he had access to the Screenplay through that Competition. In Defendants' cases, the alleged intermediaries had undisputedly received the copyrighted works, *see* Mot. at 9-10, which is not the case here.

***Second***, Plaintiffs also have offered no evidence to show Mr. Hardwick had any role in writing *American Skin*. That he *acted* in the Film does not indicate as much, and the undisputed evidence shows Mr. Parker sent Mr. Hardwick an advanced draft of the Film's screenplay, not the other way around. SUF 28.

The few cases Plaintiffs cite are not to the contrary. Plaintiffs cite *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 657 F.2d 1059, 1062 (9th Cir. 1981) for the proposition that access can be shown where "a third party with whom both the plaintiff and defendant were dealing had possession of plaintiff's work." Opp. at 12. That is irrelevant because, again, Plaintiffs have offered no evidence that Mr. Hardwick had access to the Screenplay.

They also cite *Kaseberg v. Conaco, LLC*, 260 F. Supp. 3d 1229, 1242 (S.D. Cal. 2017), which is distinguishable because there was actual evidence of access sufficient to defeat summary judgment, including the facts that (a) the comedian plaintiff's allegedly infringed jokes were published on his website; (b) the defendants were aware of the plaintiff and his website; and (c) expert statistical analysis of multiple separate infringements in a short period of time showed that access was likely. Unlike in *Kaseberg*, there is no evidence that any of the Defendants or Mr. Hardwick knew anything about Plaintiffs or the Screenplay prior to this lawsuit, let alone that the Screenplay was available to the public.

Finally, Plaintiffs cite *Wilson v. Walt Disney Co.*, 123 F. Supp. 3d 1172, 1173–74 (N.D. Cal. 2015), for the proposition that the Court should "disregard" the

7

testimony of Defendants' witnesses. Opp. at 14. *Wilson* is easily distinguished on the facts and only stands for the proposition that a court cannot credit a defendant's access denial where there is clear evidence of access in the record. There, the allegedly infringed film was publicly screened at a film festival, and plaintiff provided evidence showing "roughly sixteen" of defendant's employees saw the film there, including one who worked closely with an executive involved in the production of the allegedly infringing film. *Id.* at 1175. The allegedly infringed film also was screened at seven other film festivals and available on YouTube, and plaintiff had sent "numerous job applications to [defendant], some of which included images from or references to" the work. *Id.* Here, the Screenplay was never publicly available, and was seen at most by exactly two people engaged by TV One, an entity completely separate from any of the Defendants.[3]

In sum, it is blackletter law that the party opposing summary judgment "may not rest upon the mere allegations or denials of its pleadings," rather its response must "show by [its] own affidavits [or other evidence] that a genuine issue of material fact exists." *Gasaway v. Nw. Mut. Life Ins. Co.*, 25 F.3d 957, 959-60 (9th Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)) (emphasis added). Plaintiffs offer no admissible evidence whatsoever that Mr. Hardwick, Mr. Parker, or any of the other Defendants had access to the Screenplay through the 2017 Competition or anywhere else. Summary judgment is thus appropriate.

**D.  Plaintiffs' Discovery Complaints Are Irrelevant, Untimely, and False**

Plaintiffs contend they should survive summary judgment despite any evidence supporting their allegations because Defendants "obstructed" discovery and "acted to thwart" Plaintiffs' efforts.[4] *See* Opp. at 9-10. These contentions are

---

[3] Even if the Court were to reject Mr. Parker's testimony under *Wilson*—and it should not because there is no affirmative evidence Mr. Parker had access to the Screenplay—*Wilson* provides no basis to challenge the testimony of the five disinterested third parties who submitted declarations on the subject.

[4] For the record, Defendants address Plaintiffs' various alleged discovery complaints in the concurrently-filed Supplemental Declaration of Jake Freed. *See* Supp. Freed Decl. ¶¶ 2-10.

8

untrue, but regardless, totally irrelevant to this Motion. *See Gums v. Oakland Unified School Dist.*, 2003 WL 716240, at *8 (N.D. Cal. Feb. 24, 2003) ("plaintiff cannot claim defendant's suppression as a ground for defeating summary judgment.").

What Plaintiffs fail to tell the Court is that they voluntarily abdicated the discovery process, taking **no discovery** except for serving Defendants with a handful of RFPs and issuing one subpoena to a third party who had no alleged relationship to Plaintiffs' access theory. Supp. Freed Decl. ¶ 10. Although that theory relies on a chain of events involving TV One, ABFFV, and Omari Hardwick (Compl. ¶¶ 75-81), Plaintiffs did not subpoena any of these key third parties. SUF 84.

Defendants, however, did the work Plaintiffs refused to do themselves. Defendants subpoenaed TV One and ABFFV and obtained documents. Supp. Freed Decl. ¶ 7. Defendants also obtained documents informally from third party S.L. Duffy. *Id.* Defendants provided all documents from TV One, ABFFV, and Ms. Duffy to Plaintiffs on September 11, 2024, five weeks before the close of fact discovery. *Id.* Although those documents revealed the key roles played by Ms. Duffy and Ron Moskovitz in the 2017 Competition, Plaintiffs elected not to subpoena those third parties either. *Id.* ¶ 10. Plaintiffs never served interrogatories on Defendants or noticed Defendants' depositions.[5] *Id.* It is not as if Plaintiffs lacked sufficient time: they had all of 2024, including extra time granted in July, to pursue access discovery. *See* ECF No. 64.

Now, having no evidence to create a triable issue of fact, Plaintiffs resort to disingenuous finger-pointing about discovery. They even characterize Defendants' motion to bifurcate as a "delay tactic." Opp. at 9. But this Court determined that a

---

[5] Plaintiffs even acknowledge that it was *their choice* not to depose Mr. Parker. Opp. at 11. They claim that his deposition would "not yield full or honest testimony." *Id.* This is a baseless claim unsupported by anything beyond attorney accusations.

9
REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON ACCESS

phase of discovery dedicated to access would "save significant time and resources for both sides." ECF No. 54 at 3.

Plaintiffs ultimately appear to be frustrated that Defendants never produced documents supporting their access theories, Opp. at 9-10, but Defendants cannot produce documents that do not exist. Although Plaintiffs claim they had to "seek court intervention" before Magistrate Judge Castillo, *id.* at 10, they fail to mention that (a) they sought "intervention" to force Defendants to produce documents outside the scope of Phase 1, and (b) Judge Castillo did not accept Plaintiffs' arguments and gave them no relief. Supp. Freed Decl. ¶ 9; ECF No. 66.[6] Plaintiffs never brought a motion to compel and they cannot bring one now.

### E. Plaintiffs Failed to Establish that Anyone Else Provided the Screenplay to Defendants.

Plaintiffs' Complaint speculated that, in the alternative, Defendants may have received the Screenplay through some unidentified "individual connected with the 2017 [] Competition or the ABFF" or through "another [unidentified] channel." Compl. ¶¶ 81(b)-(c). During discovery, Selton Shaw testified that he does not believe there is any other channel through which Defendants could have accessed the Screenplay, other than the 2017 Competition, SUF 16, and Plaintiffs do not dispute that fact in the Opposition. This dropped theory also does not raise a genuine issue of fact sufficient to survive summary judgment.

### F. Plaintiffs' Argument About Mr. Parker's Declaration Is a Non-Sequitur.

Plaintiffs' last argument is the bare assertion that this case should go to a jury because Mr. Parker was sued for infringement related to the Film in an unrelated

---

[6] The one subpoena Plaintiffs served in this case was on third-party Avan Hardwell, which sought documents beyond the scope of Phase I. Supp. Freed Decl. ¶ 10. Mr. Hardwell was not allegedly in the chain of access in this case. This subpoena asked for, among other things, Mr. Parker's settlement agreement with Mr. Hardwell in another copyright case between them relating to the Film, which is irrelevant to Plaintiffs' theory of access. SUF 86. Instead of focusing on proving their access theory, Plaintiffs focused on other issues like Mr. Parker's independent creation of the screenplay for the Film. Supp. Freed Decl. ¶ 9.

case, giving the Court "reason to question Mr. Parker's credibility." Opp. at 15. The fact that Mr. Parker has been sued previously says nothing about his "credibility," particularly given Plaintiffs' lack of a good-faith basis to bring this suit. Regardless, because none of Defendants' access evidence relies on Mr. Parker's credibility, this argument is entirely irrelevant to the issues at hand. *See, e.g.*, *Far Out Prods. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001) (plaintiff "may not simply question the credibility of the movant to foreclose summary judgment" and instead must "set forth specific facts" showing a genuine triable issue).

### G. Defendants Are Entitled to Summary Judgment on Plaintiffs' Secondary Liability Claims

The Opposition is silent on Plaintiffs' secondary infringement claims. Plaintiffs make no argument to support these claims, or otherwise contend these claims should survive if their primary claim does not. Defendants also are entitled to summary judgment on Plaintiffs' second and third claims for contributory and vicarious liability.

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion for summary judgment.

DATED: December 10, 2024

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
JOHN D. FREED
SARAH E. BURNS
SAMANTHA LACHMAN

By: /s/ *John D. Freed*
    John D. Freed

Attorneys for Defendants
NATHANIEL PARKER, TINY GIANT PRODUCTIONS, LLC, ASP FILM, LLC, TM FILM FINANCE, LLC, AND VERTICAL ENTERTAINMENT, LLC

11
REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON ACCESS

# WORD COUNT CERTIFICATION

The undersigned, counsel of record for Defendants, certifies that this brief contains 3,578 words, which complies with the word limit of L.R. 11-6.1.

DATED: December 10, 2024

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
JOHN D. FREED
SARAH E. BURNS
SAMANTHA LACHMAN

By: /s/ *John D. Freed*
     John D. Freed

Attorneys for Defendants
NATHANIEL PARKER, TINY GIANT PRODUCTIONS, LLC, ASP FILM, LLC, TM FILM FINANCE, LLC, AND VERTICAL ENTERTAINMENT, LLC